```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA         :
                                      INDICTMENT
        -v.-                     :

JOHN W. ASHE,                    :    15 Cr.
FRANCIS LORENZO,                      15 CRIM 706
   a/k/a "Frank Lorenzo,"        :
NG LAP SENG,
   a/k/a "David Ng,"             :
   a/k/a "David Ng Lap Seng,"
JEFF C. YIN,                     :
   a/k/a "Yin Chuan," and
SHIWEI YAN,                      :
   a/k/a "Sheri Yan,"

        Defendants.              :

- - - - - - - - - - - - - - - - x
```

ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: OCT 2 0 2015

## COUNT ONE

(Conspiracy to Commit Bribery)

The Grand Jury charges:

1.   From at least in or about Spring 2011, up to and including at least in or about December 2014, in the Southern District of New York and elsewhere, FRANCIS LORENZO, a/k/a "Frank Lorenzo," NG LAP SENG, a/k/a "David Ng," a/k/a "David Ng Lap Seng," JEFF C. YIN, a/k/a "Yin Chuan," and SHIWEI YAN, a/k/a "Sheri Yan," the defendants, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to violate Title 18, United States Code, Section 666.

2.   It was a part and an object of the conspiracy that FRANCIS LORENZO, a/k/a "Frank Lorenzo," NG LAP SENG, a/k/a "David

Ng," a/k/a "David Ng Lap Seng," JEFF C. YIN, a/k/a "Yin Chuan," and SHIWEI YAN, a/k/a "Sheri Yan," the defendants, and others known and unknown, would and did corruptly give, offer, and agree to give a thing of value to a person, with the intent to influence and reward an agent of an organization, in connection with a business, transaction, and series of transactions of such organization, involving a thing of value of $5,000 and more, while such organization was in receipt of, in a one year period, benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, and other form of Federal assistance, in violation of Title 18, United States Code, Section 666(a)(2), to wit, LORENZO, NG, YIN, YAN, and others agreed to pay and to facilitate the payment of bribes to an individual serving as the Permanent Representative to the United Nations ("UN") for Antigua and Barbuda ("Antigua"), and later also serving as President of the UN General Assembly, in exchange for official actions on behalf of multiple businessmen.

## Overt Acts

3.   In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed and caused to be committed in the Southern District of New York and elsewhere:

  a.   On or about February 24, 2012, FRANCIS LORENZO, a/k/a "Frank Lorenzo," NG LAP SENG, a/k/a "David Ng," a/k/a

2

"David Ng Lap Seng," and JEFF C. YIN, a/k/a "Yin Chuan," caused the Permanent Representative to the UN for Antigua to introduce a document at the UN in support of a real estate project to be developed by NG's company.

b. On or about July 25, 2012, SHIWEI YAN, a/k/a "Sheri Yan," the defendant, arranged for a $300,000 wire on behalf of a co-conspirator not named as a defendant herein ("CC-1") to a bank account in New York, New York belonging to the Permanent Representative to the UN for Antigua, in exchange for the Permanent Representative advocating for CC-1's business interests with Antiguan and other government officials.

c. On or about November 4, 2013, YAN arranged for a $200,000 wire on behalf of another co-conspirator not named as a defendant herein ("CC-2") to a bank account belonging to the President of the UN General Assembly, in exchange for the President attending a private conference in China in his official capacity.

d. On or about June 3, 2014, NG, LORENZO, and YIN arranged for a $200,000 wire payment to a bank account belonging to the President of the UN General Assembly, in exchange for the President making a visit to NG in the President's official capacity in order to discuss progress on the real estate project to be developed by NG's company.

(Title 18, United States Code, Section 371.)

## COUNT TWO

(Bribery)

The Grand Jury further charges:

4. From at least in or about Spring 2011, up to and including in or about December 2014, in the Southern District of New York and elsewhere, FRANCIS LORENZO, a/k/a "Frank Lorenzo," NG LAP SENG, a/k/a "David Ng," a/k/a "David Ng Lap Seng," and JEFF C. YIN, a/k/a "Yin Chuan," the defendants, corruptly gave, offered, and agreed to give a thing of value to a person, with the intent to influence and reward an agent of an organization, in connection with a business, transaction, and series of transactions of such organization, involving a thing of value of $5,000 and more, while such organization was in receipt of, in any one year period, benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, and other form of Federal assistance, to wit, LORENZO, NG, and YIN facilitated and arranged for the payment of bribes to an individual serving as the Permanent Representative to the United Nations for Antigua, and later also serving as President of the UN General Assembly, in exchange for official actions to benefit NG, including NG's interests in business opportunities in Antigua and in developing a conference center in Macau, China.

(Title 18, United States Code, Sections 666(a)(2) and 2.)

**COUNT THREE**
(Bribery)

The Grand Jury further charges:

5. At least in or about Summer 2012, in the Southern District of New York and elsewhere, SHIWEI YAN, a/k/a "Sheri Yan," the defendant, corruptly gave, offered, and agreed to give a thing of value to a person, with the intent to influence and reward an agent of an organization, in connection with a business, transaction, and series of transactions of such organization, involving a thing of value of $5,000 and more, while such organization was in receipt of, in any one year period, benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, and other form of Federal assistance, to wit, YAN facilitated and arranged for the payment of bribes to an individual serving as the Permanent Representative to the United Nations for Antigua, in exchange for official action to benefit CC-1, including CC-1's interest in business opportunities in Antigua.

(Title 18, United States Code, Sections 666(a)(2) and 2.)

**COUNT FOUR**
(Bribery)

The Grand Jury further charges:

6. At least in or about Fall 2013, in the Southern District of New York and elsewhere, SHIWEI YAN, a/k/a "Sheri

Yan," the defendant, corruptly gave, offered, and agreed to give a thing of value to a person, with the intent to influence and reward an agent of an organization, in connection with a business, transaction, and series of transactions of such organization, involving a thing of value of $5,000 and more, while such organization was in receipt of, in any one year period, benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, and other form of Federal assistance, to wit, YAN facilitated and arranged for the payment of bribes to an individual serving as the Permanent Representative to the United Nations for Antigua and as President of the UN General Assembly, in exchange for official action to benefit CC-2, including CC-2's interest in business opportunities in Antigua.

(Title 18, United States Code, Sections 666(a)(2) and 2.)

## COUNT FIVE

(Bribery)

The Grand Jury further charges:

7. From at least in or about Fall 2013, up to and including at least in or about Spring 2014, in the Southern District of New York and elsewhere, SHIWEI YAN, a/k/a "Sheri Yan," the defendant, corruptly gave, offered, and agreed to give a thing of value to a person, with the intent to influence and reward an agent of an organization, in connection with a

business, transaction, and series of transactions of such organization, involving a thing of value of $5,000 and more, while such organization was in receipt of, in any one year period, benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, and other form of federal assistance, to wit, YAN facilitated and arranged for the payment of bribes to an individual serving as the Permanent Representative to the United Nations for Antigua and also serving as President of the UN General Assembly, in exchange for official action to benefit a co-conspirator not named as a defendant herein ("CC-3"), including the President attending in his official capacity a private conference in China sponsored by CC-3.

(Title 18, United States Code, Sections 666(a)(2) and 2.)

## COUNT SIX
(Conspiracy to Commit Money Laundering)

The Grand Jury further charges:

8.  From at least in or about Spring 2011, up to and including at least in or about December 2014, in the Southern District of New York and elsewhere, FRANCIS LORENZO, a/k/a "Frank Lorenzo," NG LAP SENG, a/k/a "David Ng," a/k/a "David Ng Lap Seng," JEFF C. YIN, a/k/a "Yin Chuan," and SHIWEI YAN, a/k/a "Sheri Yan," the defendants, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and

agree together and with each other to violate Title 18, United States Code, Section 1956(a)(2)(A).

9.  It was a part and an object of the conspiracy that FRANCIS LORENZO, a/k/a "Frank Lorenzo," NG LAP SENG, a/k/a "David Ng," a/k/a "David Ng Lap Seng," JEFF C. YIN, a/k/a "Yin Chuan," and SHIWEI YAN, a/k/a "Sheri Yan," the defendants, and others known and unknown, would and did knowingly transport, transmit, and transfer, and attempt to transport, transmit, and transfer, a monetary instrument and funds from a place in the United States to and through a place outside of the United States and to a place in the United States from and through a place outside of the United States, with the intent to promote the carrying on of specified unlawful activity, to wit, the bribery of a United Nations official and the bribery of a foreign official, in violation of Title 18, United States Code, Section 1956(a)(2)(A), to wit, LORENZO, NG, YIN, YAN and others agreed to transmit payments from China to the United States to effect the bribery of, among others, (i) an individual serving as the Permanent Representative to the United Nations for Antigua, and later also serving as President of the UN General Assembly, and (ii) the then-Prime Minister of Antigua.

(Title 18, United States Code, Section 1956(h).)

## COUNT SEVEN

(Money Laundering)

The Grand Jury further charges:

10. From at least in or about Spring 2011, up to and including at least in or about December 2014, in the Southern District of New York and elsewhere, FRANCIS LORENZO, a/k/a "Frank Lorenzo," NG LAP SENG, a/k/a "David Ng," a/k/a "David Ng Lap Seng," and JEFF C. YIN, a/k/a "Yin Chuan," the defendants, knowingly transported, transmitted, and transferred, and attempted to transport, transmit, and transfer, a monetary instrument and funds from a place in the United States to and through a place outside of the United States and to a place in the United States from and through a place outside of the United States, with the intent to promote the carrying on of specified unlawful activity, to wit, the bribery of a United Nations official and the bribery of a foreign official, to wit, LORENZO, NG, and YIN transmitted and facilitated the transmission of payments from China to the United States to effect the bribery of, among others, (i) an individual serving as the Permanent Representative to the United Nations for Antigua, and later also serving as President of the UN General Assembly, and (ii) the then-Prime Minister of Antigua.

(Title 18, United States Code, Sections 1956(a)(2)(A) and 2.)

## COUNT EIGHT

(Money Laundering)

The Grand Jury further charges:

11. From at least in or about Summer 2012, up to and including at least in or about Spring 2014, in the Southern District of New York and elsewhere, SHIWEI YAN, a/k/a "Sheri Yan," the defendant, knowingly transported, transmitted, and transferred, and attempted to transport, transmit, and transfer, a monetary instrument and funds from a place in the United States to and through a place outside of the United States and to a place in the United States from and through a place outside of the United States, with the intent to promote the carrying on of specified unlawful activity, to wit, the bribery of a United Nations official and the bribery of a foreign official, to wit, YAN transmitted and facilitated the transmission of payments from China to the United States to effect the bribery of, among others, (i) an individual serving as the Permanent Representative to the United Nations for Antigua, and later also serving as President of the UN General Assembly, and (ii) the then-Prime Minister of Antigua.

(Title 18, United States Code, Sections 1956(a)(2)(A) and 2.)

### COUNTS NINE AND TEN

(Subscribing to False and Fraudulent U.S. Individual Income Tax Returns)

The Grand Jury further charges:

12. On or about the dates identified below, in the Southern District and elsewhere, JOHN W. ASHE, the defendant, willfully and knowingly, made and subscribed to U.S. Individual Income Tax Returns, Forms 1040, for the tax years set forth below, which returns contained and were verified by the written declaration of ASHE that they were made under penalties of perjury, and which returns ASHE did not believe to be true and correct as to every material matter, to wit, ASHE fraudulently omitted a total of more than $1.2 million of income from his tax returns, including bribes received and the purported salary ASHE paid himself as President of the UN General Assembly, thereby substantially understating his total income as set forth below for the years set forth below:

| Count | Approximate Filing Date | Tax Year | Approximate Income Omitted |
|---|---|---|---|
| Nine | April 15, 2014 | 2013 | $462,350.00 |
| Ten | April 15, 2015 | 2014 | $796,329.28 |

(Title 26, United States Code, Section 7206(1), and Title 18, United States Code, Section 2.)

### FORFEITURE ALLEGATIONS

13. As a result of committing the offenses alleged in Counts One through Five of this Indictment, FRANCIS LORENZO, a/k/a "Frank

11

Lorenzo," NG LAP SENG, a/k/a "David Ng," a/k/a "David Ng Lap Seng," JEFF C. YIN, a/k/a "Yin Chuan," and SHIWEI YAN, a/k/a "Sheri Yan," the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the commission of said offenses.

(Title 18, United States Code, Section 981(a)(1)(C); Title 28, United States Code, Section 2461(c).)

14. As a result of committing the offenses alleged in Count Six through Eight of this Indictment, FRANCIS LORENZO, a/k/a "Frank Lorenzo," NG LAP SENG, a/k/a "David Ng," a/k/a "David Ng Lap Seng," JEFF C. YIN, a/k/a "Yin Chuan," and SHIWEI YAN, a/k/a "Sheri Yan," the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offenses, and any property traceable to such property.

(Title 18, United States Code, Section 982(a)(1).)

(Substitute Assets Provision)

15. If any of the above-described forfeitable property, as a result of any act or omission of FRANCIS LORENZO, a/k/a "Frank Lorenzo," NG LAP SENG, a/k/a "David Ng," a/k/a "David Ng Lap

Seng," JEFF C. YIN, a/k/a "Yin Chuan," and SHIWEI YAN, a/k/a "Sheri Yan," the defendants:

    a.   cannot be located upon the exercise of due diligence;

    b.   has been transferred or sold to, or deposited with, a third person;

    c.   has been placed beyond the jurisdiction of the Court;

    d.   has been substantially diminished in value; or

    e.   has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. §§ 981 and 982, 21 U.S.C. § 853(p), and 28 U.S.C. § 2461, to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 981 and 982; Title 21, United States Code, Section 853; Title 28, United States Code, Section 2461.)

_____    _____
FOREPERSON                                   PREET BHARARA
                                              UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

JOHN W. ASHE,
FRANCIS LORENZO,
a/k/a "Frank Lorenzo,"
NG LAP SENG,
a/k/a "David Ng,"
a/k/a "David Ng Lap Seng,"
JEFF C. YIN,
a/k/a "Yin Chuan," and
SHIWEI YAN,
a/k/a "Sheri Yan,"

Defendants.

INDICTMENT

15 Cr.

(18 U.S.C. §§ 2, 371, 666(a)(2),
1956(a)(2)(A), and 1956(h); 26 U.S.C.
§ 7206(1).)

PREET BHARARA
United States Attorney.

A TRUE BILL

_____
                Foreperson.

10/20/15 - Filed Indictment
         Case assigned to J. Broderick