

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

November 4, 2015

**BY ECF**

The Honorable Vernon S. Broderick
United States District Judge
40 Foley Square
New York, NY 10007

    Re:    *United States v. Ng Lap Seng, et al.,*
              15 Cr. 706 (VSB)

Dear Judge Broderick:

      The Government respectfully submits this letter in response to defendant Ng Lap Seng's motion for a bail modification filed yesterday, November 3, 2015. The Government believes that the defendant's request—made only approximately one week after he was released—that two of his three co-signers be allowed to travel to China, one for more than a month, and the other permanently, raises multiple concerns, and requests that the Court deny the motion in part.

      I.      Background

      As the Court is aware, the Government opposed the defendant's release on the ground that he presents a severe risk of flight. After a lengthy argument on October 22, 2015, the transcript of which is enclosed, the Court ordered the defendant released after meeting an extensive set of conditions, including, among other things, that three of defendant's relatives, Di Meng, Ng Fei Lan, and Sun Yuan, sign a $50 million bond for "moral suasion" and surrender their passports to Pretrial Services.

      During the bail argument, the defendant and these individuals agreed to these conditions, and others, with the defendant noting only that that his daughter, Ng Fei Lan, might need to travel to visit her children in China at some point in the undefined future. (Bail Transcript 53, 85.) At no time during the argument did the defendant raise a concern with regard to either his daughter-in-law, Sun Yuan, or his godson, Di Meng, needing to travel imminently back to China, much less permanently.

      The defendant met all pertinent conditions, and was released in the late afternoon on Monday, October 26, 2015. Two days later, on October 28, during what the Government understands was his first trip outside of his residence, the defendant arrived home almost one hour late, prompting Pretrial Services to reach out to his defense counsel and the defendant's security detail to determine his whereabouts. The Government and Pretrial Services were

subsequently informed that the security detail misunderstood what time the defendant was to return home, and would be more careful in the future.

Since the incident of October 28, which was took place approximately one week ago, to the Government's knowledge, the defendant has complied with the conditions of his release.

Counsel for the defendant informed the Government two days ago, on November 2, that it intended to request that two of the defendant's three co-signers be permitted to travel back to China, one for nearly a month and a half, and one permanently. Counsel advised the Government that one of these two co-signers, Sun Yuan, sought to travel to attend to her children, one of whom is ill. Counsel also advised the Government, for the first time, that Ms. Sun works for the defendant's company, Sun Kian IP Group—the principal company at issue with respect to the defendant, through which the defendant paid bribes—and intended to do work on behalf of the company during her trip to China. Counsel further informed the Government, for the first time, that the other co-signer who sought to travel, Di Meng, intended to pursue a job opportunity in China that he had put on hold to come to New York after the defendant's arrest.

The Government expressed concern about the defendant's request, particularly given that there is no material track record of the defendant's compliance with bail conditions. At the same time, the Government stated that it did not wish to keep a mother from her ill child. The Government accordingly proposed that Ms. Sun be permitted to travel to China for two weeks to visit family, but not to do any work on behalf of the defendant's company while in China or otherwise to visit its offices, and then, assuming that (a) Ms. Sun returned without incident, and (b) a longer track record of the defendant's compliance with his bail conditions was established, the Government would consider Mr. Meng's request to return to China permanently, which is, at bottom, tantamount to being released from being a co-signer. The defendant rejected this proposal, and filed his motion.

II.     Discussion

The defendant's motion, as well as developments over the past week, raises multiple concerns.

First and foremost, given the defendant's severe risk of flight, the Government continues to believe that having multiple co-signers on the defendant's bond is warranted, particularly co-signers who are close to the defendant. While there may come a time when the defendant has exhibited a sufficiently long track record of compliance with his bail conditions, and his security detail is sufficiently experienced in dealing with the defendant and visitors, such that this Court may consider reasonable a request effectively to remove a co-signer without having another take his place, the Government submits that this is not that time. As discussed above, the defendant has been on release for only just more than a week. And during that time, he been late to his residence once, and has had no visitors other than counsel. The Government expects the latter to

change soon, having completed its vetting of three proposed visitors and informed Pretrial Services and the defendant that it has no objection to those visitors being added to the defendant's approved visitors list.[1]

Second, the Government is concerned that it only learned for the first time two days ago that Ms. Sun not only works for the defendant's company, but also wishes to do so—from Macau. In a footnote in his motion, the defendant asserts that Ms. Sun's "role in the company has nothing to do with the proposed United Nations convention center in Macau that is at the heart of this case." This assertion ignores that the defendant's company is alleged to have done more than promote the conference center. It also funded a non-governmental organization through which it paid at least hundreds of thousands of dollars in bribes, hosted those to whom it paid bribes, and sponsored a related foundation through which it paid additional bribes and agreed to pay further bribes, as recently as the day before the defendant's arrest. Even if Ms. Sun had no involvement in this conduct, she may be a witness in this case. And in any event, the defendant offers no reason why she cannot agree not to perform work for the defendant's company during her visit to Macau given that the asserted imminent need to travel to Macau is to care for family.

Finally, had the Government known that, approximately one week after signing the bond, the defendant would seek effectively to remove a co-signer on that bond, and also to have another co-signer travel to Macau for more than a month to perform work for the very company through which the defendant paid bribes from Macau, the Government might have sought different conditions with respect to the defendant's release.

---

[1] Yesterday, after the defendant filed his motion, Pretrial Services alerted the Government that the defendant also requested approval yesterday, without copying the Government, for weekly visits by a massage therapist. The Government has not yet responded to this request.

Honorable Vernon S. Broderick
United States District Judge
November 4, 2015
Page 4

       For the foregoing reasons, the Government respectfully requests that the Court allow travel only as proposed by the Government, and deny the remainder of the defendant's requests. In the alternative, the Government respectfully requests that a conference be scheduled to discuss the issues raised in this letter.

       Respectfully submitted,

       PREET BHARARA
       United States Attorney

By:    _____
       Janis M. Echenberg
       Daniel C. Richenthal
       Rahul Mukhi
       Assistant United States Attorneys
       (212) 637-2109/2597/1581

Enclosure

cc:    (by ECF)
      All Counsel of Record

      (by email)
      Dennis Khilkevich, Pretrial Services