ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - -   x

UNITED STATES OF AMERICA         :         SUPERSEDING INDICTMENT

        -v.-                     :         S4 15 Cr. 706 (VSB)

NG LAP SENG,                     :
   a/k/a "David Ng,"
   a/k/a "David Ng Lap Seng,"    :
   a/k/a "Wu Liseng," and
JEFF C. YIN,                     :
   a/k/a "Jeff Chuan,"
   a/k/a "Yin Chuan,"            :

        Defendants.              :

- - - - - - - - - - - - - - - -   x

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #:_____
> DATE FILED: JUN 3 0 2016

## COUNT ONE

(Conspiracy to Pay Bribes and Gratuities)

The Grand Jury charges:

### RELEVANT INDIVIDUALS AND ENTITIES

#### *The Ambassador*

1.   For a number of years, up to and including in or about
December 2014, an individual not named as a defendant herein (the
"Ambassador") served in various positions at the Permanent
Mission of Antigua and Barbuda ("Antigua") to the United Nations
("UN"), the headquarters of which is in New York, New York.  Most
recently, the Ambassador served as the Permanent Representative
of Antigua to the UN, that is, Antigua's ambassador to the UN.
Beginning in or about 2011, the Ambassador expected to be elected
as the 68th President of the UN General Assembly ("UNGA"), and
began soliciting money from others, purportedly to support his

forthcoming Presidency.  In or about the middle of June 2013, the
Ambassador was elected as the UNGA President for a one-year term
that began in or about September 2013 and ended in or about
September 2014.  The UNGA is comprised of all UN member
countries, which elect a President on an annual basis.  Among
other things, the UNGA President presides over the current UNGA
session and represents the UNGA at various international forums.

### *NG LAP SENG and JEFF C. YIN*

2.    During all times relevant to this Superseding
Indictment, NG LAP SENG ("NG"), a/k/a "David Ng," a/k/a "David Ng
Lap Seng," a/k/a "Wu Liseng," the defendant, was the head of a
real estate development company in Macau, China (the "Macau Real
Estate Development Company").

3.    Between at least in or about 2012 and at least in or
about September 2015, JEFF C. YIN, a/k/a "Jeff Chuan," a/k/a "Yin
Chuan," the defendant, was the principal assistant to NG LAP
SENG, a/k/a "David Ng," a/k/a "David Ng Lap Seng," a/k/a "Wu
Liseng," the defendant.  In that role, YIN communicated on NG's
behalf, wired money to the United States and elsewhere on behalf
of NG, made travel plans to and from the United States for NG,
and arranged meetings for NG in the United States, among other
duties.

2

## THE BRIBERY AND MONEY LAUNDERING SCHEME

4.    From at least in or about 2011, up to and including in or about September 2015, NG LAP SENG, a/k/a "David Ng," a/k/a "David Ng Lap Seng," a/k/a "Wu Liseng," the defendant, and, beginning in or about 2012, JEFF C. YIN, a/k/a "Jeff Chuan," a/k/a "Yin Chuan," the defendant, and others known and unknown, engaged in an international bribery and money laundering scheme, in which, among other things, NG paid hundreds of thousands of dollars to the Ambassador in exchange for official action to benefit NG.

5.    During the course of the scheme, NG LAP SENG, a/k/a "David Ng," a/k/a "David Ng Lap Seng," a/k/a "Wu Liseng," the defendant, sought, among other things, UN support for a multi-billion dollar conference center that NG hoped to build in Macau, China (the "the Macau Conference Center"), using his company, the Macau Real Estate Development Company.

6.    In exchange for the bribes paid by NG LAP SENG, a/k/a "David Ng," a/k/a "David Ng Lap Seng," a/k/a "Wu Liseng," the defendant, which were facilitated by JEFF C. YIN, a/k/a "Jeff Chuan," a/k/a "Yin Chuan," the defendant, and others, the Ambassador agreed, among other things, to use his position to build UN support for the Macau Conference Center.  For example, the Ambassador submitted an official UN document to the UN Secretary-General, which claimed that there was a purported need

3

to build the Macau Conference Center to support the UN's global
development goals, including the growth of information and
communication technologies in developing countries, and
specifically named the Macau Real Estate Development Company as a
partner in the initiative.

7.   During the course of the scheme, NG LAP SENG, a/k/a
"David Ng," a/k/a "David Ng Lap Seng," a/k/a "Wu Liseng," the
defendant, with the assistance of JEFF C. YIN, a/k/a "Jeff
Chuan," a/k/a "Yin Chuan," the defendant, and others, agreed to
and did pay bribes to the Ambassador in various forms, including
checks, wires, cash, payments to the Ambassador's wife, and
payments to other third-parties to cover the Ambassador's
personal expenses, such as a family vacation to New Orleans,
Louisiana.  NG and YIN also made bribe payments to one or more
business bank accounts in the United States that the Ambassador
controlled (the "PGA Accounts"), the purported purpose of which
was to raise money for his UNGA Presidency.

8.   To effect the bribery scheme described herein, NG LAP
SENG, a/k/a "David Ng," a/k/a "David Ng Lap Seng," a/k/a "Wu
Liseng," and JEFF C. YIN, a/k/a "Jeff Chuan," a/k/a "Yin Chuan,"
the defendants, among others, agreed to and did transmit money
from China to the United States and elsewhere, including to one
or more of the PGA Accounts and to one or more non-governmental
organizations in the United States that were purportedly

4

established to promote the UN's development goals and/or to report on activities at the UN (the "NGOs").  The NGOs, in turn, provided payments to, among others, the Ambassador and/or his wife.

9.     After the Ambassador left the UN in or about December 2014, NG LAP SENG, a/k/a "David Ng," a/k/a "David Ng Lap Seng," a/k/a "Wu Liseng," and JEFF C. YIN, a/k/a "Jeff Chuan," a/k/a "Yin Chuan," the defendants, continued the scheme by, among other things, agreeing to make additional payments to the Ambassador and providing benefits to one or more officials at the UN Development Programme in order to gain further support for the Macau Conference Center.

<u>STATUTORY ALLEGATIONS</u>

10.    From at least in or about 2011, up to and including at least in or about September 2015, in the Southern District of New York and elsewhere, NG LAP SENG, a/k/a "David Ng," a/k/a "David Ng Lap Seng," a/k/a "Wu Liseng," and JEFF C. YIN, a/k/a "Jeff Chuan," a/k/a "Yin Chuan," the defendants, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit an offense against the United States, to wit, to violate Title 18, United States Code, Section 666.

11.    It was a part and an object of the conspiracy that NG LAP SENG, a/k/a "David Ng," a/k/a "David Ng Lap Seng," a/k/a "Wu

Liseng," and JEFF C. YIN, a/k/a "Jeff Chuan," a/k/a "Yin Chuan," the defendants, and others known and unknown, would and did corruptly give, offer, and agree to give a thing of value to a person, with the intent to influence and reward an agent of an organization, to wit, the UN, in connection with a business, transaction, and series of transactions of such organization, involving a thing of value of $5,000 and more, while such organization was in receipt of, in a one year period, benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, and other form of Federal assistance, in violation of Title 18, United States Code, Section 666(a)(2), to wit, NG and YIN agreed to pay the Ambassador and others, in exchange for, to influence, and to reward the taking of official action as opportunities arose to benefit NG, including advancing NG's interest in developing the Macau Conference Center.

<u>Overt Acts</u>

12.   In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed and caused to be committed in the Southern District of New York and elsewhere:

a.   Starting in or about January 2011 and continuing into at least in or about March 2015, NG LAP SENG, a/k/a "David Ng," a/k/a "David Ng Lap Seng," a/k/a "Wu Liseng," the defendant,

6

acting through a non-governmental organization in New York, New York ("NGO-1"), paid the Ambassador's wife at least approximately $2,500 per month.

b.   On or about February 24, 2012, the Ambassador submitted an official document at the UN addressed to the UN Secretary-General (the "UN Document") in support of the Macau Conference Center.

c.   On or about February 15, 2013, NG LAP SENG, a/k/a "David Ng," a/k/a "David Ng Lap Seng," a/k/a "Wu Liseng," the defendant, acting through NGO-1, paid the Ambassador approximately $25,000.

d.   On or about June 5, 2013, the Ambassador submitted a formal revision to the UN Document, which identified the Macau Real Estate Development Company as a partner in the Macau Conference Center project.

e.   On or about November 19, 2013, JEFF C. YIN, a/k/a "Jeff Chuan," a/k/a "Yin Chuan," the defendant, sent an email to a co-conspirator not named as a defendant herein stating that NG was "un-satisfied" and the "wire will be on halt until any further progress is made" on the Macau Convention Center project.

f.   On or about March 22, 2014, the Ambassador traveled to China in his official capacity as UNGA President and met with NG regarding the Macau Conference Center project.

g.   On or about June 3, 2014, NG LAP SENG, a/k/a

"David Ng," a/k/a "David Ng Lap Seng," a/k/a "Wu Liseng," and JEFF C. YIN, a/k/a "Jeff Chuan," a/k/a "Yin Chuan," the defendants, acting through NGO-1, transmitted approximately $200,000 to one of the PGA Accounts.

(Title 18, United States Code, Section 371.)

### COUNT TWO

(Payment of Bribes and Gratuities)

The Grand Jury further charges:

13.  The allegations set forth in paragraphs One through Nine and Twelve are incorporated by reference as if set forth fully herein.

STATUTORY ALLEGATIONS

14.  From at least in or about 2011, up to and including in or about September 2015, in the Southern District of New York and elsewhere, NG LAP SENG, a/k/a "David Ng," a/k/a "David Ng Lap Seng," a/k/a "Wu Liseng," the defendant, and, beginning in or about 2012, JEFF C. YIN, a/k/a "Jeff Chuan," a/k/a "Yin Chuan," the defendant, corruptly gave, offered, and agreed to give a thing of value to a person, with the intent to influence and reward an agent of an organization, to wit, the UN, in connection with a business, transaction, and series of transactions of such organization, involving a thing of value of $5,000 and more, while such organization was in receipt of, in any one year period, benefits in excess of $10,000 under a Federal program

8

involving a grant, contract, subsidy, loan, guarantee, insurance, and other form of Federal assistance, to wit, NG and YIN paid the Ambassador and others in exchange for, to influence, and to reward the taking of official action as opportunities arose to benefit NG, including advancing NG's interest in developing the Macau Conference Center.

(Title 18, United States Code, Sections 666(a)(2) and 2.)

### COUNT THREE

(Conspiracy to Commit Money Laundering)

The Grand Jury further charges:

15.  The allegations set forth in paragraphs One through Nine and Twelve are incorporated by reference as if set forth fully herein.

STATUTORY ALLEGATIONS

16.  From at least in or about 2011, up to and including in or about September 2015, in the Southern District of New York and elsewhere, NG LAP SENG, a/k/a "David Ng," a/k/a "David Ng Lap Seng," a/k/a "Wu Liseng," and JEFF C. YIN, a/k/a "Jeff Chuan," a/k/a "Yin Chuan," the defendants, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to violate Title 18, United States Code, Section 1956(a)(2)(A).

17.  It was a part and an object of the conspiracy that NG LAP SENG, a/k/a "David Ng," a/k/a "David Ng Lap Seng," a/k/a "Wu

Liseng," and JEFF C. YIN, a/k/a "Jeff Chuan," a/k/a "Yin Chuan," the defendants, and others known and unknown, would and did knowingly transport, transmit, and transfer, and attempt to transport, transmit, and transfer, a monetary instrument and funds from a place in the United States to and through a place outside of the United States and to a place in the United States from and through a place outside of the United States, with the intent to promote the carrying on of specified unlawful activity, to wit, the bribery of one or more UN and/or foreign officials, in violation of Title 18, United States Code, Section 1956(a)(2)(A), to wit, NG and YIN agreed to transmit funds from China to the United States and elsewhere in furtherance of a scheme to pay the Ambassador and others in exchange for, to influence, and to reward the taking of official action as opportunities arose to benefit NG, including advancing NG's interest in developing the Macau Conference Center.

(Title 18, United States Code, Section 1956(h).)

## COUNT FOUR

(Money Laundering)

The Grand Jury further charges:

18.   The allegations set forth in paragraphs One through Nine and Twelve are incorporated by reference as if set forth fully herein.

### STATUTORY ALLEGATIONS

19.   From at least in or about 2011, up to and including in or about September 2015, in the Southern District of New York and elsewhere, NG LAP SENG, a/k/a "David Ng," a/k/a "David Ng Lap Seng," a/k/a "Wu Liseng," the defendant, and, beginning in or about 2012, JEFF C. YIN, a/k/a "Jeff Chuan," a/k/a "Yin Chuan," the defendant, knowingly transported, transmitted, and transferred, and attempted to transport, transmit, and transfer, a monetary instrument and funds from a place in the United States to and through a place outside of the United States and to a place in the United States from and through a place outside of the United States, with the intent to promote the carrying on of specified unlawful activity, to wit, the bribery of one or more UN and/or foreign officials, in violation of Title 18, United States Code, Section 1956(a)(2)(A), to wit, NG and YIN transmitted payments from China to the United States and elsewhere in furtherance of a scheme to pay the Ambassador and others in exchange for, to influence, and to reward the taking of

11

official action as opportunities arose to benefit NG, including
advancing NG's interest in developing the Macau Conference
Center.

> (Title 18, United States Code, Sections 1956(a)(2)(A) and
> 2.)

## FORFEITURE ALLEGATIONS

20.  As a result of committing the offenses alleged in
Counts One and Two of this Superseding Indictment, NG LAP SENG,
a/k/a "David Ng," a/k/a "David Ng Lap Seng," a/k/a "Wu Liseng,"
and JEFF C. YIN, a/k/a "Jeff Chuan," a/k/a "Yin Chuan," the
defendants, shall forfeit to the United States, pursuant to Title
18, United States Code, Section 981(a)(1)(C), and Title 28,
United States Code, Section 2461(c), any property, real or
personal, which constitutes or is derived from proceeds traceable
to the commission of the offenses alleged in Counts One and Two
of this Superseding Indictment.

> (Title 18, United States Code, Section 981(a)(1)(C); Title 28,
> United States Code, Section 2461(c).)

21.  As a result of committing the offenses alleged in
Counts Three and Four of this Superseding Indictment, NG LAP
SENG, a/k/a "David Ng," a/k/a "David Ng Lap Seng," a/k/a "Wu
Liseng," and JEFF C. YIN, a/k/a "Jeff Chuan," a/k/a "Yin Chuan,"
the defendants, shall forfeit to the United States, pursuant to
Title 18, United States Code, Section 982(a)(1), any property,
real or personal, involved in the offenses alleged in Counts

Three and Four of this Superseding Indictment, and any property
traceable to such property, including but not limited to, all
right and interest of the defendants in all funds currently on
deposit in Bank of America checking account ending in 2941 held
in the name of Jeff Yin.

(Title 18, United States Code, Section 982(a)(1).)

### Substitute Assets Provision

22.   If any of the above-described forfeitable property, as
a result of any act or omission of NG LAP SENG, a/k/a "David Ng,"
a/k/a "David Ng Lap Seng," a/k/a "Wu Liseng," and JEFF C. YIN,
a/k/a "Jeff Chuan," a/k/a "Yin Chuan," the defendants:

a.   cannot be located upon the exercise of due
diligence;

b.   has been transferred or sold to, or deposited
with, a third person;

c.   has been placed beyond the jurisdiction of
the Court;

d.   has been substantially diminished in value;
or

e.   has been commingled with other property which
cannot be subdivided without difficulty; it is the intent of the
United States, pursuant to 18 U.S.C. §§ 981 and 982, 21 U.S.C. §
853(p), and 28 U.S.C. § 2461, to seek forfeiture of any other

13

property of said defendants up to the value of the above

forfeitable property.

(Title 18, United States Code, Sections 981 and 982; Title 21,
United States Code, Section 853; Title 28, United States Code,
Section 2461.)

_____
FOREPERSON

_____
PREET BHARARA
UNITED STATES ATTORNEY

14

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

**UNITED STATES OF AMERICA**

**- v. -**

**NG LAP SENG,
a/k/a "David Ng,"
a/k/a "David Ng Lap Seng,"
a/k/a "Wu Liseng," and
JEFF C. YIN,
a/k/a "Jeff Chuan,"
a/k/a "Yin Chuan,"**

**Defendants.**

## SUPERSEDING INDICTMENT

S4 15 Cr. 706 (VSB)

(18 U.S.C. §§ 2, 371, 666(a)(2),
1956(a)(2)(A), and 1956(h).)

PREET BHARARA
United States Attorney.

**A TRUE BILL**

Foreperson.

6/30/16   FILED  INDICTMENT .

COTS, USM+