# Park Jensen Bennett LLP

40 Wall Street
New York, NY 10005

(646) 200 - 6300
www.parkjensen.com

Tai H. Park
tpark@parkjensen.com
Direct dial (646) 200-6310
Direct fax (646) 200-6311

July 8, 2016

BY ECF

Honorable Vernon S. Broderick
United States District Judge
United States Courthouse
40 Foley Square
New York, NY 10007

    Re:    United States v. Ng Lap Seng and Jeff C. Yin,
              S4 15 cr. 706 (VSB)

Dear Judge Broderick:

      We represent defendant Ng Lap Seng in the above-referenced matter.  This letter is respectfully submitted in response to the government's letter dated July 6, 2016 ("Govt. Ltr.") in which it seeks a Curcio hearing based upon the fact that our co-counsel, Hugh H. Mo, Esq., has previously represented entities affiliated with the Chinese government.

      As Your Honor is aware, the government first sought the Curcio hearing by letter dated June 24, 2016.  The letter failed to explain in any meaningful detail the way in which Mr. Mo's prior work for Chinese government affiliated entities might pose any potential conflict in his representation of Mr. Ng in this case.  At the pretrial conference before Your Honor on June 27, 2016, we explained that the government had failed to provide the factual basis for triggering a hearing that, by its nature, risks interference with an attorney's relationship with his or her client. Specifically, while Mr. Mo has in fact advised and represented Chinese governmental entities, there was no allegation in this case that suggested even a potential conflict of interest for Mr. Mo in representing Mr. Ng since there was no allegation involving the Chinese government.  The Court ordered the government to provide additional details that would warrant a Curcio hearing.

      In response, the government filed the July 6 letter in which it supplemented its submission and asserts:

> [T]there is evidence that Ng himself associated with the PRC government, he or one or more co-conspirators interacted with PRC officials, and he or one or more co-conspirators may have viewed certain conduct in this case as furthering the PRC's sovereign interests. As a result, the PRC may have interests in this matter that conflict with Ng's interests.

Govt. Ltr. p.1.

PARK JENSEN BENNETT LLP

Honorable Vernon S. Broderick
July 8, 2016
Page 2

  Without outlining all the "evidence" in the government's possession, the letter goes on to describe two emails. One that appears to suggest that Mr. Ng may have been in discussions with the Chinese government regarding the so-called Macau conference center and South South News. The other email appears to suggest that Jeff Yin may have taken notes of a call or meeting where the participants discussed the fact that Mr. Ng's company, Sun Kian Ip's role in facilitating the conference center would further the Chinese government's economic "Reform program." Id. at 3. The letter goes on also to recite a point that had been disclosed early on by the defense, namely that Mr. Ng is a member of the Chinese People's Political Consultative Conference ("CPPCC"), a non-governing, political advisory body in China for many years. Id. at 2.

  It is our position that none of the facts described in the supplemental submission clarifies what if any potential conflict a lawyer, who has represented the Chinese government in wholly unrelated matters, could have in representing Mr. Ng in this case. Indeed, the government's submission demonstrates, at best, a potential commonality of interests between Mr. Ng and the Chinese government.

  Having said that, in light of the new proffer by the government, we would not object to the Court holding a Curcio hearing if Your Honor deems it appropriate. We have no comment on the proposed Curcio questions prepared by the government, and neither object to them nor accept them as appropriate questions.

  We note, however, that in footnote 1 to the proposed questions, the government asks that the Court inquire of Mr. Mo whether he currently represents any Chinese government affiliated entities. We object to that request as entirely unnecessary and inappropriate. It is of no moment whether he does or does not since, as the government agrees, Mr. Mo has continuing ethical duties to all clients whether former or current. Recognizing, however, that the language of Question II(E) would have to be modified depending on whether there were any current representations, we would have no objection to adding the bracketed language below:

> Are you aware that one of your attorneys, Hugh Mo, has previously represented certain representatives of, or individuals or entities associated with, the Government of the People's Republic of China, including (i) the Permanent Mission of the People's Republic of China to the United Nations, and (ii) the Consulate General of the People's Republic of China in New York**[, and that he may still represent such entities or individuals or may do so in the future]**?

That modification should address any concern the government could legitimately have about any current representations.

Park Jensen Bennett llp

Honorable Vernon S. Broderick
July 8, 2016
Page 3

    We will be prepared to address any questions the Court may have at the conference on July 11, 2016.

Respectfully submitted,

Tai H. Park

Cc:    Mr. Ng Lap Seng,
        All counsel of record