

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

July 22, 2016

**BY ECF**

The Honorable Vernon S. Broderick
United States District Judge
Thurgood Marshall United States Courthouse, Room 415
40 Foley Square
New York, NY 10007

Re:     ***United States* v. *Ng Lap Seng*,**
        **S4 15 Cr. 706 (VSB)**

Dear Judge Broderick:

The Government respectfully writes in opposition to the motion of defendant Ng Lap Seng, a/k/a "David Ng," a/k/a "David Ng Lap Seng," a/k/a "Wu Liseng," in the above-captioned matter, made by letter dated July 18, 2016, filed on July 19, 2016 ("Def. Ltr."), requesting that he be permitted to (a) use the gym in his building and (b) leave his residence three days a week, for up to eight hours each day, without restriction.  The defendant continues to present an extreme flight risk.  His requests should be denied.

I.     Background

As the Court is aware, the Government sought the defendant's detention after arrest on the ground that he presents a severe risk of flight for multiple reasons, including his extraordinary wealth, lack of ties to the United States, substantial ties to foreign countries, and the nature and circumstances of the offenses.  After multiple letter-briefs were filed and a lengthy argument was held on October 22, 2015 (the transcript of which is enclosed), during which the Court agreed that the risk of flight was significant enough that "normal conditions" would not be sufficient (Tr. 43), the Court ordered the defendant released subject to an extensive set of conditions.  The conditions included, among other things, the retention of a private security team, at the defendant's expense, which would be on duty around the clock to secure the defendant and to ensure his compliance with the following requirements, among others: (a) the defendant to reside at an apartment in New York, New York (the "Apartment"), which was made secure by the private security team, with home detention enforced by both the private security team and electronic and GPS monitoring; (b) the defendant to be permitted to leave the Apartment only for specified, necessary purposes, including meeting with his counsel and receiving medical treatment, as warranted; (c) the defendant not to use or possess a cellular or satellite telephone; (d) the defendant to provide a list containing the identifying information of planes, including tail numbers and transponder numbers, owned by the defendant and/or his businesses/companies; (e) all visitors to the Apartment to be approved, in advance; and (f) all visitors to the Apartment

Honorable Vernon S. Broderick
July 22, 2016
Page 2

to be searched, and to surrender, among other things, all cellular phones and all travel documents.  In addition, multiple of the defendant's relatives signed a $50 million bond.  (*See* Docket Entry 53.)

    II.    <u>Discussion</u>

    1)   <u>The Defendant's Request to Use the Gym</u>

With respect to the defendant's request to use the gym in his building, as the Court is aware, the defendant made the same request on November 9, 2015 (Docket Entry 84) which request the defendant withdrew two days later (Docket Entry 85), without prejudice, pending the defendant responding to a Government inquiry for medical records and information regarding a proposed schedule and a plan to address security concerns, such as the defendant meeting with unapproved individuals or using a cellular phone, or the defendant using the pool or otherwise taking action that might interfere with his GPS bracelet.[1]

The Government remains open to considering and consenting to the defendant's request, just as the Government considered and consented to the defendant having regular visits from an approved masseuse, after defense counsel represented that the defendant was suffering from leg cramps.[2]  However, the Government submits that documentation and information is essential in weighing the defendant's request, and the scope of a potential modification, if any, that might be made in response to his request, which raises a host of security concerns.  Unless and until the defendant provides such documentation and information, his request for a blanket modification should be denied.

    2)   <u>The Defendant's Request to Leave His Residence Multiple Days a Week, for Up to Eight Hours at a Time, to Walk, Go to Restaurants, or Shop</u>

With respect to the defendant's request that he be permitted to leave his residence three days a week, for up to eight hours each day, without restriction, so that he might "take a walk, patronize restaurants, and shop" (Def. Ltr. 1), the defendant's request should be denied.  The defendant remains an extreme flight risk.  If anything, his risk of flight has increased, as the strength of the case against him, including in the form of one or more cooperating witnesses, has increased, and after a superseding indictment, expanding the timeframe of the charged offenses, has been filed.

---

[1]   Although the defendant refers in his letter, without elaboration, to the "gym in his apartment building" (Def. Ltr. 1), the Government understands that the facility is not a one-room gym, but a multiple-room facility with a pool.

[2]   As is reflected in daily reports that the Government receives from the security firm, the masseuse visits the defendant several times a week, for multiple hours at a time.  The defendant does not say in his letter why he cannot also bring exercise equipment into his multiple bedroom apartment.

Honorable Vernon S. Broderick
July 22, 2016
Page 3

That the defendant has "been in full compliance with his bail conditions" since his release in late October (*id.*) is not evidence that it is now appropriate to dilute significantly the most important of these conditions—that the defendant remain, absent specified needs, in a secured apartment, with only vetted and approved visitors, who are subject to search, and who must surrender cellular telephones and travel documents.  Rather, it is evidence that the combination of conditions ordered by the Court, including the most important of those conditions, appears to be working.  They should remain in place pending trial.

Respectfully submitted,

PREET BHARARA
United States Attorney


By:   s/ Daniel C. Richenthal
      Daniel C. Richenthal
      Janis M. Echemberg
      Douglas S. Zolkind
      Assistant United States Attorneys
      (212) 637-2109/2597/2418

Enclosure

cc:   (by ECF)

      All Counsel of Record