G7ieashc

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,                    New York, N.Y.

           v.                                15 CR 706(VSB)

NG LAP SENG,

                Defendant.

------------------------------x
                                             July 18, 2016
                                             10:08 a.m.

Before:

                  HON. VERNON S. BRODERICK,

                                             District Judge

                         APPEARANCES

PREET BHARARA
     United States Attorney for the
     Southern District of New York
BY:  JANIS ECHENBERG
     DANIEL RICHENTHAL
     Assistant United States Attorneys

HUGH HU MO
TAI HYUN PARK
CHRISTOPHER GREER
     Attorneys for Defendant

DAVID WIKSTROM
     CJA Attorney


CANTONESE INTERPRETER:  Nancy Wu
```

1               (In open court)

2           MS. ECHENBERG:  Good morning, your Honor.  Janis
3   Echenberg for the government.  With me is my colleague, Daniel
4   Richenthal.

5           THE COURT:  Good morning.

6           MR. MO:  Good morning, your Honor.  Hugh H. Mo for Ng
7   Lap Seng.

8           MR. PARK:  Good morning, your Honor.  Tai Park and
9   Chris Greer, Park Jensen, for Mr. Ng.

10          MR. WIKSTROM:  David Wikstrom.  The Court appointed me
11  for purposes of the Curcio hearing.  And we are prepared to
12  proceed.

13          THE COURT:  Thank you, you may proceed.

14          Just first, I'll just inquire of Mr. Wikstrom, before
15  I ask Mr. Ng any questions, Mr. Wikstrom, have you had an
16  opportunity to meet with Mr. Ng?

17          MR. WIKSTROM:  May I remain seated, your Honor?

18          THE COURT:  Yes, just pull the microphone a little
19  closer to you.

20          MR. WIKSTROM:  Yes, we've met.

21          THE COURT:  Okay.  So, Mr. Ng, do you understand that
22  in every criminal matter, including this one, that you as the
23  defendant have a right to assistance of counsel whose loyalty
24  to you is undivided, who is not subject to any factor that
25  might in any way intrude upon your attorney's loyalty to your

G7ieashc

interests that might negatively affect your attorney's ability to communicate with you freely and completely, or that might negatively affect your attorney's ability to make certain arguments?

THE DEFENDANT:  I do understand.

THE COURT:  Okay.  And I may have asked you these before, and I apologize if I do, the first couple of questions.

Have you received any inducements or promises or threats with regard to your choice of counsel in this case?

THE DEFENDANT:  No.

THE COURT:  And have you consulted with Mr. Wikstrom about the potential conflict of interest that Mr. Mo faces in this case?

THE DEFENDANT:  Yes, I have.

THE COURT:  Okay.  And do you believe that you've had adequate opportunity to consult with Mr. Wikstrom prior to making a decision about whether to continue with Mr. Mo and your attorney?

THE DEFENDANT:  Yes.

THE COURT:  And after all that I've said, both today but also at our prior meeting, about the potential conflicts that could restrict Mr. Mo's ability to defend you in this case, do you believe that it is in your best interest to continue with Mr. Mo as your attorney?

THE DEFENDANT:  Yes.

1              MS. ECHENBERG:  Your Honor, I don't know if your plan
2     is to loop back to some of the earlier questions, but I believe
3     that question N is where -- which is above "tell me in your own
4     words what your understanding of potential conflict is," I
5     believe that's where there was a break at the last conference.
6              THE COURT:  There may have been.
7              MS. ECHENBERG:  And defendant did not answer that
8     question.
9              The government would at least like to review some of
10    the hypotheticals and make sure the defendant has an
11    understanding of a potential conflict, because we think that's
12    where there was some confusion at the last conference.
13             THE COURT:  All right.  Well, first, Mr. Ng, do you
14    remember when we were here the last time and I described to you
15    certain potential conflicts that Mr. Mo may have because of his
16    prior representation of individuals or entities affiliated with
17    the Chinese government?
18             THE DEFENDANT:  Yes, I do.
19             THE COURT:  Now I'm going to ask you in your own words
20    to explain to me what your understanding is of the potential
21    conflicts that Mr. Mo faces.  And just so the record is -- I
22    see you have a piece of paper in your hand, and that's fine,
23    because I understand this is -- but have you in connection with
24    that -- I assume that you've read it or spoken with counsel
25    about it, and it is basically your understanding of the

1    conflict?

2            THE DEFENDANT:  Yes.

3            THE COURT:  Okay.  Go ahead.

4            THE DEFENDANT:  My understanding, based on what
5    Mr. Wikstrom explained in our meeting, is that my attorney,
6    Mr. Mo, represents entities affiliated with the government of
7    China or people associated with these entities; and that his
8    loyalty to them or his professional duties on their behalf
9    might affect how he represents me.  These other loyalties might
10   affect what questions he asks the witnesses at the trial, might
11   affect what evidence he introduces at the trial, might affect
12   what witnesses he calls and might affect what arguments he
13   makes to the Court and jury in my case.

14           THE COURT:  Okay.  And so understanding that, and
15   after considering all of the hypotheticals that I mentioned and
16   your understanding of the potential conflict that Mr. Mo faces,
17   do you believe that it is in your best interest to continue
18   with Mr. Mo as your attorney?

19           THE DEFENDANT:  Yes.

20           THE COURT:  And that is your wish, and that is without
21   any inducements or any other offers?

22           THE DEFENDANT:  No.

23           THE COURT:  I'm sorry.  That was a poor question.
24           Have you received any inducements such that -- have
25   you received any inducements to have Mr. Mo as your attorney?

G7ieashc

1           THE DEFENDANT:  No.
2           MS. ECHENBERG:  Your Honor, I apologize.  We should
3    have raised this earlier.
4           I believe in the last matter you started asking the
5    defendant if his mind was clear and he could understand the
6    interpreter.  We should probably just do that at some point
7    today as well.
8           THE COURT:  Yes.  So, Mr. Ng, what the prosecutor just
9    mentioned is I just want to ask you some questions to make sure
10   that you're clearheaded today.
11          Have you taken any drugs or alcohol in the past 24
12   hours?
13          THE DEFENDANT:  No alcohol, except that I have taken
14   some medicine for my condition for diabetes, high blood
15   pressure.
16          THE COURT:  Okay.  And I think I asked you this before
17   but I'll ask you again:  Those medications that you're taking,
18   are they affecting you in any way that would affect your
19   ability to understand what's going on today?
20          THE DEFENDANT:  For now, no, it did not affect me at
21   all.
22          THE COURT:  And have you understood everything that
23   I've asked you here today?
24          THE DEFENDANT:  Yes, I do understand.
25          THE COURT:  And is your mind clear today?

1              THE DEFENDANT:  Yes, I'm clear minded.

2              THE COURT:  All right.  Now, do you understand that by

3     choosing to continue with Mr. Mo as your attorney, you are

4     waiving your right to be represented solely by an attorney who

5     does not have a potential ethical conflict regarding the

6     arguments he can make before the jury?

7              THE DEFENDANT:  I do understand.

8              THE COURT:  And are you knowingly and voluntarily

9     waiving your right to such representation?

10             THE DEFENDANT:  Yes.

11             THE COURT:  And do you agree to waive any

12    post-conviction argument, on appeal or otherwise, by virtue of

13    Mr. Mo's possible conflict of interest stemming from his

14    representation of other clients who are representatives of or

15    otherwise associated with the government of the People's

16    Republic of China?

17             THE DEFENDANT:  Yes.

18             THE COURT:  Do you have any questions for me?

19             THE DEFENDANT:  No, I do not have questions.

20             THE COURT:  Is there anything that you would like to

21    have me or your attorneys explain further?

22             THE DEFENDANT:  Basically for what's going on now, I

23    understand.  I understood.

24             THE COURT:  Okay.  So by your answers I take it that

25    you don't need any additional time to consider this issue of

1 the potential conflict?
2             THE DEFENDANT:  I do not need.
3             THE COURT:  All right.  Any additional questions?
4             MS. ECHENBERG:  No.  Thank you, your Honor.
5             THE COURT:  Thank you for catching me on those two
6 places where I would have just kept going.
7             Anything from the defense?
8             MR. MO:  No, your Honor.
9             MR. PARK:  No, your Honor.
10             THE COURT:  Mr. Wikstrom?
11             MR. WIKSTROM:  No, sir.
12             THE COURT:  All right.  Well, Mr. Wikstrom, thank you
13 very much for coming over and helping us out here.  I'm sure
14 I'll see you soon in another case.
15             Thank you.  We'll stand adjourned.
16             (Adjourned)
17
18
19
20
21
22
23
24
25