UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-   v.   -

No. 15 Cr. 00706 (VSB)

NG LAP SENG,

Defendant.

## DEFENDANT'S REQUESTS TO CHARGE

Alexandra A.E. Shapiro
Daniel J. O'Neill
Fabien Thayamballi
Shapiro Arato LLP
500 Fifth Avenue, 40th Floor
New York, New York 10110
(212) 257-4880

Tai H. Park
Christopher Greer
Park Jensen Bennett, LLP
40 Wall Street
New York, NY 10005
(646) 200-6300

Hugh H. Mo
The Law Firm of Hugh H. Mo, P.C.
225 Broadway, 27th Floor
New York, NY 10007
(212) 385-1500

*Attorneys for Defendant Ng Lap Seng*

# TABLE OF CONTENTS

**Request No.**                                                                                              **Page**

1.  COUNT TWO:  ELEMENTS OF SECTION 666 BRIBERY ......................................................... 1

2.  Count Two:  First Element:
    United Nations Received Federal Funds........................................................................ 3

3.  Count Two:  Second Element:
    Recipient Was an "Agent" of the UN ......................................................................... 4

4.  Count Two:  Third Element:
    Defendant Gave Something of Value ......................................................................... 5

5.  Count Two:  Fourth Element:
    Defendant Sought an "Official Act" .......................................................................... 6

6.  Count Two:  Fifth Element:
    Question or Matter Was Worth at Least $5,000 ......................................................... 8

7.  Count Two:  Sixth Element:
    Defendant Intended an "Exchange" ........................................................................... 9

8.  Count Two:  Sixth Element:
    Special Rule for Political Donations........................................................................ 11

9.  Count Two:  Seventh Element:
    Defendant Acted "Corruptly" ................................................................................. 13

10. COUNT THREE:  ELEMENTS OF FCPA § 78dd-2 (DOMESTIC CONCERN)............................ 15

11. Count Three:  First Element:
    Relationship with a "Domestic Concern" ................................................................ 17

12. Count Three:  Second Element:
    Defendant Knowingly Paid a "Foreign Official"...................................................... 18

13. Count Three:  Third Element:
    Defendant Used a Means of "Interstate Commerce" in Furtherance of Payment ........... 20

14. Count Three:  Fourth Element:
    Defendant Sought Official Act in Exchange ............................................................ 21

i

15.  Count Three:  Fifth Element:
     Intent to Obtain or Retain Business ................................................................ 23

16.  Count Three:  Sixth Element:
     Defendant Acted "Corruptly" ....................................................................... 25

17.  Count Three:  Seventh Element:
     Defendant Acted "Willfully" ........................................................................ 26

18.  Count Three:  Affirmative Defenses ............................................................... 27

19.  COUNT FOUR:  ELEMENTS OF FCPA § 78dd-3 (WITHIN THE U.S.) .................................. 29

20.  Count Four:  First Element:
     Covered Persons ......................................................................................... 30

21.  Count Four:  Second Element:
     Defendant Knowingly Paid a "Foreign Official" ................................................. 31

22.  Count Four:  Third Element:
     Defendant Took Action Within the U.S. ............................................................ 32

23.  Count Four:  Fourth, Fifth, Sixth, and Seventh Elements ..................................... 33

24.  Count Four:  Affirmative Defenses ................................................................. 34

25.  COUNT ONE:  ELEMENTS OF CONSPIRACY ............................................................... 35

26.  Count One:  First Element:
     Existence of an Unlawful Agreement ............................................................... 36

27.  Count One:  Second Element:
     Defendant Knowingly Participated .................................................................. 39

28.  Count One:  Third Element:
     Commission of an Overt Act ......................................................................... 41

29.  Count One:  Fourth Element:
     Overt Act Was in Furtherance of Conspiracy ..................................................... 42

30.  COUNT SIX:  ELEMENTS OF MONEY LAUNDERING ....................................................... 43

31.  Count Six:  First Element:
     Funds Transported to or from the U.S. ............................................................ 44

32.    Count Six:  Second Element:
       Intent to Promote Specified Unlawful Activity ............................................... 45

33.    Count Six:  Second Element:
       Foreign Law ..................................................................................................... 47

34.    COUNT FIVE:  ELEMENTS OF MONEY LAUNDERING CONSPIRACY ..................................... 48

35.    Count Five:  First Element:
       Existence of an Unlawful Agreement .............................................................. 49

36.    Count Five:  Second Element:
       Defendant Knowingly Participated .................................................................. 51

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, Defendant Ng Lap Seng respectfully requests that the Court include the following instructions in its charge to the jury.[1]

### REQUEST NO. 1 – COUNT TWO:  ELEMENTS OF SECTION 666 BRIBERY

For reasons that will become apparent, I will begin by explaining Count Two, rather than Count One.  Count Two charges the defendant with bribery relating to an organization that receives federal funds.  In order to prove the defendant guilty, the government must prove each of the following elements beyond a reasonable doubt:

First, that in a one-year period, the United Nations[2] received federal benefits in excess of $10,000;

Second, that at the time alleged in the indictment, John Ashe or Francis Lorenzo was an "agent" of the United Nations;

Third, that the defendant gave (or agreed to give or offered) something of value to this agent of the United Nations;

Fourth, that the defendant acted with the intent to obtain an "official act" from this agent of the United Nations;

Fifth, that the "official act" involved something of value of at least $5,000;

Sixth, that the defendant acted with the intent to receive the official act "in exchange" for the payment to the agent of the United Nations;

Seventh, that the defendant acted "corruptly."

---

[1] Mr. Ng reserves his right to make additional requests before or during trial.

[2] Mr. Ng maintains his position that the United Nations is not an "organization" covered by 18 U.S.C. § 666, and therefore the § 666 counts must be dismissed as a matter of law, for the reasons set forth in Dkt. 275 at 6-11 and Dkt. 354 at 2-5.  Mr. Ng fully preserves that argument, which the Court rejected, *see* Dkt. 452, for any appeal. Because the issue is a pure question of law for the Court and not the jury, we have assumed *arguendo*, solely for purposes of these requests to charge, that the United Nations is a § 666 organization.

Adapted from Sand, *Modern Federal Jury Instructions – Criminal*, Instr. 27A-16, and the authorities cited further below with respect to the specific elements, including *McDonnell v. United States*, 136 S. Ct. 2355 (2016).

**<u>Request No. 2 – Count Two:  First Element:  United Nations Received Federal Funds</u>**

The first element the government must prove beyond a reasonable doubt is that in a one-year period, the United Nations received federal benefits in excess of $10,000.

To prove this element, the government must establish that the United Nations received, during a one-year period, benefits in excess of $10,000 under a federal program involving a grant, contract, subsidy, loan, guarantee, insurance or some other form of federal assistance.

The one-year period must begin no more than 12 months before the defendant committed the acts charged in the indictment and must end no more than 12 months after those acts.

Adapted from Sand, *Modern Federal Jury Instructions – Criminal*, Instr. 27A-18.

**Request No. 3 – Count Two:  Second Element:  Recipient Was an "Agent" of the UN**

The second element the government must prove beyond a reasonable doubt is that at the time alleged in the indictment, John Ashe or Francis Lorenzo was an agent of the United Nations.

An "agent" is a person authorized to act on behalf of the United Nations.  This includes employees, partners, directors, officers, managers, and representatives of the United Nations.

If you unanimously agree that at the time alleged in the indictment, both John Ashe and Francis Lorenzo were agents of the United Nations, this element is satisfied.  If you cannot unanimously agree that both John Ashe and Francis Lorenzo were agents of the United Nations, this element may be satisfied only if you all agree that the same person was an agent of the United Nations.  If you cannot unanimously agree on one person in particular, then you must find the defendant not guilty of Count Two.

The first two paragraphs are adapted from Sand, *Modern Federal Jury Instructions – Criminal*, Instr. 27A-17.  The unanimity requirement in the last paragraph finds support in several cases. *See Schad v. Arizona*, 501 U.S. 624, 651 (1991) ("We would not permit, for example, an indictment charging that the defendant assaulted either X on Tuesday or Y on Wednesday . . . .") (Scalia, J., concurring in the judgment); *United States v. Sharpsteen*, 913 F.2d 59, 62 (2d Cir. 1990) (jury must agree on the object of the conspiracy); *United States v. Stern*, No. 03 CR. 81 (MBM), 2003 WL 22743897, at *2 (S.D.N.Y. Nov. 20, 2003) (jury must agree on which statement was false).

**<u>Request No. 4 – Count Two:  Third Element:  Defendant Gave Something of Value</u>**

The third element the government must prove beyond a reasonable doubt is that the defendant gave (or agreed to give or offered) something of value to an agent of the United Nations, as I have defined that term.

The statute makes no distinction between offering or giving a bribe.  The mere offer of a bribe is just as much a violation of the statute as the actual giving of one.

It is not necessary that the payment be made directly to the agent.  If the payment was made to a third party for the purpose of bribing the agent, that is sufficient to satisfy this element.

Note, however, that payments made in the usual course of business do not qualify as a thing of value given, offered, or agreed to be given by the defendant.  Thus, you should not consider bona fide salary, wages, fees, or other compensation paid, or expenses paid or reimbursed, in the usual course of business.

Adapted from Sand, *Modern Federal Jury Instructions – Criminal*, Instr. 27A-19 and 7th Cir. Pattern Jury Instr., Crim. 18 U.S.C. § 666(c).

**Request No. 5 – Count Two:  Fourth Element:  Defendant Sought an "Official Act"**

The fourth element that the government must prove beyond a reasonable doubt is that the defendant acted with the intent to obtain an "official act" from the agent of the United Nations to whom he gave (or agreed to give or offered) something of value.

An "official act" is a decision or action on a question or matter that may at any time be pending, or which may by law be brought before a public official, in the public official's official capacity.  This definition has two parts.

First, the government must prove beyond a reasonable doubt that there was a "question or matter" pending before the United Nations or which could by law be brought before the United Nations.  This question or matter must be specific and focused and involve a formal exercise of governmental power that is similar in nature to a lawsuit before a court, a determination before an agency, or a hearing before a committee.

Second, the government must prove beyond a reasonable doubt that the defendant intended to obtain a "decision or action" from the agent of the United Nations on that question or matter.  In this context, a decision or action means a formal exercise of power to resolve or decide the question or matter.  However, the decision or action may also include the agent of the United Nations using his official position to exert pressure on another official to perform an "official act," or to advise another official, knowing or intending that such advice will form the basis for an "official act" by that other official.

Under this definition, there are several types of activities that may relate to a question or matter pending before the United Nations, but would not qualify as a decision or action on the pending question or matter.  These activities include expressing support for an idea, setting up a

meeting, meeting with someone, talking to another official, or organizing an event.  By themselves, these do not qualify as "official acts."

Adapted from the language in *McDonnell v. United States*, 136 S. Ct. 2355, 2367-72 (2016).

**<u>Request No. 6 – Count Two:  Fifth Element:  Question or Matter Was Worth at Least
<u>$5,000</u>**

The fifth element the government must prove beyond a reasonable doubt is that the

official act sought by the defendant involved a question or matter of the United Nations that had

a value of at least $5,000.

The government is not required to prove that the defendant paid or offered at least

$5,000.  For the purposes of this element, what is important is the value of the question or matter

before the United Nations that the bribe was intended to influence.

In determining whether the question or matter was valued at $5,000, do not include

legitimate valid bona fide salary, wages, fees, or other compensation paid or expenses paid or

reimbursed in the ordinary course of business.



Synthesizing the language of Sand, *Modern Federal Jury Instructions – Criminal*, Instr. 27A-21,
with *McDonnell v. United States*, 136 S. Ct. 2355 (2016).

## Request No. 7 – Count Two:  Sixth Element:  Defendant Intended an "Exchange"

The sixth element the government must prove beyond a reasonable doubt is that the defendant acted with the intent to receive the official act "in exchange" for the payment to the agent of the United Nations.

This exchange of payment for official action is often referred to as a quid pro quo.  Quid pro quo is Latin, and it means "this for that" or "these for those."  To prove a quid pro quo, the government must prove that the thing of value was provided to the agent of the United Nations in exchange for the promise or performance of the agent's official acts.

It is not enough for the government to prove that the defendant hoped to influence the agent of the United Nations.  Individuals frequently give donations and gifts with the hope of eventually obtaining favorable treatment.  This is not a quid pro quo unless the individual intends to reach an understanding with the recipient that the payment is being made in exchange for official action.

Adapted from language in several cases:

- *McDonnell v. United States*, 136 S. Ct. 2355, 2371 (2016) (explaining that a "*quid pro quo*" requires payment "given with the expectation that the official would perform an 'official act' in return"); *id.* at 2372 (explaining that "*quid pro quo* corruption" involves "the exchange of a thing of value for an 'official act'").
- *United States v. Sun-Diamond Growers of California*, 526 U.S. 398, 404-05 (1999) (explaining that "for bribery there must be a *quid pro quo*—a specific intent to give or receive something of value *in exchange* for an official act").
- *United States v. Ganim*, 510 F.3d 134, 141 (2d Cir. 2007) ("[E]ach of [the corruption] statutes criminalizes, in some respect, a quid pro quo agreement—to wit, a government official's receipt of a benefit in exchange for an act he has performed, or promised to perform, in the exercise of his official authority."); *id.* at 149 ("[B]ribery is not proved if the benefit is intended to be, and accepted as simply an effort to buy favor or generalized goodwill from a public official who either has been, is, or may be at some unknown, unspecified later time, be in a position to act . . . favorably to the giver's interest.  That describes legal lobbying.").

9

- *United States v. Ford*, 435 F.3d 204, 213 (2d Cir. 2006) (holding that for a § 666 violation, "there must be a *quid-pro-quo*").

Jury instructions in several § 666 prosecutions have discussed the concept of a quid pro quo. *See United States v. Skelos*, No. 15-cr-317 (KMW) (S.D.N.Y. Jan. 13, 2016), ECF No. 148, at Tr. 2770-71, 2780, 2794; *United States v. Jefferson*, No. 07-cr-209 (E.D. Va. June 22, 2010), ECF No. 684, at 58-60.

**Request No. 8 – Count Two:  Sixth Element:  Special Rule for Political Donations**

The quid pro quo requirement is an essential element of bribery.  However, there are special rules that apply to certain types of payments.  In this case, the government has argued that the defendant made donations to particular accounts that John Ashe claimed were established to support his work as President of the General Assembly of the United Nations.

In order to prove a quid pro quo involving these alleged donations, the government must prove beyond a reasonable doubt that the defendant made the payments in exchange for an explicit promise or undertaking from John Ashe to perform a specific official act.  It is not enough for the government to prove that the defendant and John Ashe had an unspoken agreement that Ashe would take official acts in exchange for the payments.  Nor is it enough for the government to prove that John Ashe promised official acts without specifying which ones.

Remember, however, that I instructed you earlier that payments made in the usual course of business do not qualify as a thing of value given, offered, or agreed to be given by the defendant.  Therefore, even if you find that the government has proved a quid pro quo according to the special rules I have just described, you cannot find the defendant guilty for making these donations unless you find beyond a reasonable doubt that these donations were not given in the usual course of business at the UN.

The first two paragraphs are adapted from language in several cases and pattern jury instructions:

- *McCormick v. United States*, 500 U.S. 257, 273 (1991) (holding that campaign contributions are bribes "only if the payments are made in return for an explicit promise or undertaking by the official to perform or not to perform an official act," in which "the official asserts that his official conduct will be controlled by the terms of the promise or undertaking").
- *United States v. Ganim*, 510 F.3d 134, 142 (2d Cir. 2007) (explaining that "proof of an *express* promise is necessary when [alleged bribe] payments are made in the form of campaign contributions" (emphasis added)); *see also id.* at 143 (noting that "in the non-

campaign context," by contrast, "the agreement may be implied from the official's words and actions").

- *United States v. Siegelman*, 640 F.3d 1159, 1171 (11th Cir. 2011) (holding that "[t]he official must agree to take or forego some *specific* action in order for the doing of it to be criminal under § 666," and that "[n]o generalized expectation of some future favorable action will do" (emphasis added)).

- Sand, *Modern Federal Jury Instructions – Criminal*, 1st Cir. Pattern Jury Instr., Crim. 4.18.1951 ("If the property was obtained as a political or campaign contribution, the government must prove that the payment or other transfer was made in return for an explicit promise or understanding by [defendant] to perform or not to perform an official act.").

- Sand, *Modern Federal Jury Instructions – Criminal*, Use Note to 10th Cir. Pattern Jury Instr., Crim. 2.71 ("[T]he jury must be instructed that receipt of [a campaign] contribution violates section 1951 'only if the payments are made in return for an explicit promise or undertaking by the official to perform or not to perform an official act.'" (quoting *McCormick*, 500 U.S. at 273)).

- Sand, *Modern Federal Jury Instructions – Criminal*, 7th Cir. Pattern Jury Instr., Crim. 18 U.S.C. § 1951 Color of Official Right – Definition (requiring that campaign contribution be given "in exchange for a specific requested exercise of . . . official power").

- Sand, *Modern Federal Jury Instructions – Criminal*, 9th Cir. Manual of Model Crim. Jury Instr., Crim. 8.143 (requiring that campaign contribution be given "in exchange for a specific requested exercise of official power").

- Brief for the United States, *United States v. Halloran*, 2015 WL 9267360 at *47 (2d Cir.) ("Additionally, for two decades, this Court has rejected the notion that the Government must prove an express, rather than an implied, quid pro quo agreement *outside the campaign finance context*." (emphasis added)).

The third paragraph of the proposed instruction clarifies that this specific instruction regarding political donations is not meant to imply that § 666(c) is categorically inapplicable to these types of payments.

12

**Request No. 9 – Count Two:  Seventh Element:  Defendant Acted "Corruptly"**

The seventh element the government must prove beyond a reasonable doubt is that the defendant acted "corruptly."  In the context of Count Two, there are two things the government must prove in order to satisfy this element.

First, the government must prove beyond a reasonable doubt that when the defendant gave or offered something of value to an agent of the United Nations, he sought to have that agent violate an official duty owed to the United Nations.

Second, the government must prove beyond a reasonable doubt that the defendant was conscious of his own wrongdoing.  This requirement has sometimes been expressed as having a bad or evil state of mind.  If the defendant did not believe that his conduct was wrongful or unlawful, he did not act corruptly.

Finally, in regard to this element, if the payment in question was made in the usual course of business at the United Nations, you must find that the defendant did not act corruptly.

Adapted from several sources:

- *United States v. Rooney*, 37 F.3d 847, 852 (2d Cir. 1994) ("[A] fundamental component of a 'corrupt' act is a breach of some official duty owed to the government or the public at large."); *id.* at 852-53 ("[T]he term corruptly in § 666 entails the violation of some duty owed to the government or to the public in general."); *id.* at 854 (referring to § 666(c) for guidance in construing the "corruptly" element).
- *United States v. Veliz*, 800 F.3d 63, 71 n.6 (2d Cir. 2015) ("corruptly" requires "conscious[ness]" of "wrongdoing" (quoting *Arthur Andersen LLP v. United States*, 544 U.S. 696, 706 (2005))); *United States v. Parse*, 789 F.3d 83, 121 (2d Cir. 2015) (evaluating whether defendant acted with the "consciousness of unlawfulness" required for conviction of "corruptly" impeding the IRS (quotation marks omitted)); *United States v. McElroy*, 910 F.2d 1016, 1021 (2d Cir. 1990) (acting "corruptly" involves "intentionally" using "some unlawful method or means" (quotation marks omitted)); *United States v. Strand*, 574 F.2d 993, 996 (9th Cir. 1978) ("corrupt intent" requires "violation of . . . official duty, with the specific intent to violate the law").
- Sand, *Modern Federal Jury Instructions – Criminal*, Instr. 27A-20 and 16-6 ("corruptly" requires "conscious wrongdoing, or as it sometimes been expressed, a bad or evil state of

13

mind"); *accord United States v. Skelos*, No. 15-cr-317 (KMW) (S.D.N.Y. Jan. 13, 2016), ECF No. 148, Tr. 2792-93 (same); *United States v. Stevenson*, No. 13-cr-161 (LAP) (S.D.N.Y. Jan. 28, 2014), ECF No. 101, Tr. 824 (same).

- *See generally* Memorandum of Law in Support of Defendant's Motion to Dismiss the Indictment or in the Alternative for a Bill of Particulars, Dkt. 275 at 36-37 & n.24 (citing extensive case law in support of both aspects of the "corruptly" element reflected above).

## REQUEST NO. 10 – COUNT THREE:  ELEMENTS OF FCPA § 78dd-2 (DOMESTIC CONCERN)

Count Three charges the defendant with a violation of the provision of the Foreign Corrupt Practices Act that applies to persons or entities that are called "domestic concerns."  In order to prove the defendant guilty, the government must prove each of the following elements beyond a reasonable doubt:

First, that the defendant is a "domestic concern"; or an officer, director, employee, or agent of a domestic concern; or a stockholder thereof acting on behalf of such domestic concern;

Second, that the defendant either (a) paid, offered, promised to pay, or authorized the payment of money or anything of value to a "foreign official," or (b) paid, offered, promised to pay, or authorized the payment of money or anything of value to any person while knowing that all or a portion of the payment would be offered, given, or promised (directly or indirectly) to a "foreign official."

Third, that the defendant made use of the mails or any means or instrumentality of "interstate commerce" in furtherance of this offer, payment, promise to pay, or authorization of the payment of money or anything of value;

Fourth, that the defendant acted with the intent to obtain an official act from the foreign official in exchange for the payment;

Fifth, that the defendant intended to assist the domestic concern in obtaining or retaining business for or with any person or directing business to any person;

Sixth, that the defendant acted "corruptly";

Seventh, that the defendant acted "willfully."

Adapted from the text of 15 U.S.C. § 78dd-2 and the jury instructions in *United States v. Esquenazi*, No. 09-cr-21010 (S.D. Fla. Aug. 5, 2011), ECF No. 520 at 21-22; *United States v.*

*Noriega*, No. 10-cr-1031 (C.D. Cal. May 16, 2011), ECF No. 511 at 32-33; *United States v. Green*, No. 2:08-cr-59 (C.D. Cal. Sept. 11, 2009), ECF No. 288 at 9; and the additional authorities cited further below with respect to the specific elements, including *McDonnell v. United States*, 136 S. Ct. 2355 (2016).

**Request No. 11 – Count Three:  First Element:  Relationship with a "Domestic Concern"**

The first element the government must prove beyond a reasonable doubt is that the defendant was (1) a domestic concern; (2) an officer, director, employee, or agent of a domestic concern; or (3) a stockholder of a domestic concern who was acting on behalf of that domestic concern.

A "domestic concern" is (a) any individual who is a citizen, national, or resident of the United States; and (b) any corporation, partnership, association, joint-stock company, business trust, unincorporated organization, or sole proprietorship which has its principal place of business in the United States, or which is organized under the laws of a State of the United States or a territory, possession, or commonwealth of the United States.

In order to find that this element has been satisfied, you must agree unanimously on the identity of the domestic concern.  If you cannot unanimously agree on one domestic concern in particular, then you must find the defendant not guilty of Count Three.

Adapted from the text of 15 U.S.C. § 78dd-2(a) and the jury instructions in *United States v. Esquenazi*, No. 09-cr-21010 (S.D. Fla. Aug. 5, 2011), ECF No. 520 at 22, and *United States v. Noriega*, No. 10-cr-1031 (C.D. Cal. May 16, 2011), ECF No. 511 at 34.  Regarding the unanimity requirement, see the authorities cited in Request No. 3 above.

**Request No. 12 – Count Three:  Second Element:  Defendant Knowingly Paid a "Foreign Official"**

The second element the government must prove beyond a reasonable doubt is that the defendant either (a) paid, offered, promised to pay, or authorized the payment of money or anything of value to a foreign official, or (b) paid, offered, promised to pay, or authorized the payment of money or anything of value to any person while knowing that all or a portion of the payment would be offered, given, or promised (directly or indirectly) to a foreign official.

The term "foreign official" means an officer, employee, or person acting in an official capacity for or on behalf of a foreign government or public international organization.  In order to find that this element has been satisfied, you must agree unanimously on the identity of the foreign official.  If you cannot unanimously agree on one foreign official in particular, then you must find the defendant not guilty of Count Three.

It is not necessary that the payment or offer or promise of payment was made directly by the defendant to the foreign official.  If the defendant authorized another person to pay or to offer or promise payment to a foreign official, that is sufficient to satisfy this element.  Further, it is not necessary that the payment actually take place.  The defendant's offer, promise, or authorization of payment is sufficient, even if the payment was not actually made.

The defendant's payment or offer, promise, or authorization of payment to a recipient who is not a foreign official is sufficient only if the defendant acted while knowing that all or some of the payment would be offered, given, or promised (directly or indirectly) to a foreign official.

[**If applicable:**  For purposes of this element, the defendant's "knowledge" of a fact may be established if the defendant was actually aware of that fact.  In addition, the defendant's "knowledge" of a fact may be established if the defendant was aware of a high probability of its

18

existence and took conscious and deliberate actions to avoid confirming that fact.  Knowledge

may be proven in this manner if, but only if, the defendant suspected the fact, realized its high

probability, and made active efforts to avoid obtaining the final confirmation because he wanted

to be able to deny knowledge.

On the other hand, knowledge is not established in this manner if the defendant merely

failed to learn the fact through negligence or if the defendant actually believed that the

transaction was legal.]

It also bears noting that a finding that the defendant had "knowledge" for purposes of this

element is not sufficient in order to determine that the defendant acted "willfully" or "corruptly."

Those are separate elements of the offense, and I will explain them for you shortly.

Adapted from the text of 15 U.S.C. § 78dd-2(h)(2)(A), as well as the jury instructions in *United States v. Bourke*, No. 05-cr-518 (SAS) (S.D.N.Y.), and *United States v. Noriega*, No. 10-cr-1031 (C.D. Cal. May 16, 2011), ECF No. 511 at 32.  *See also* H.R. Conf. Rep. 100-576, 919-20 (1988), *reprinted in* 1988 U.S.C.C.A.N. 1547, 1952-53 (FCPA's "knowledge" element was intended to incorporate "willful blindness"); *Glob.-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 769-70 (2011) ("willful blindness" requires "active efforts . . . to avoid knowing," and not merely "deliberate indifference").  The "willful blindness" or "conscious avoidance" instruction should be given only if applicable.  If the government requests such an instruction, defendant reserves the right to object to any such instruction not supported by evidence of conscious avoidance.  *See, e.g.*, *United States v. Ferrarini*, 219 F.3d 145, 154-57 (2d Cir. 2000).  Regarding the unanimity requirement, see the authorities cited in Request No. 3 above.

**<u>Request No. 13 – Count Three:  Third Element:  Defendant Used a Means of "Interstate Commerce" in Furtherance of Payment</u>**

The third element the government must prove beyond a reasonable doubt is that the defendant made use of the mails or any means or instrumentality of interstate commerce in furtherance of the offer, payment, promise to pay, or authorization of payment.

The term "interstate commerce" means trade, commerce, transportation, or communication among the several states, or between any foreign country and any state.  An "instrumentality" of interstate commerce includes means of communication, such as a telephone or fax machine, or transportation, such as a car or plane.

Adapted from the text of 15 U.S.C. § 78dd-2(a) and the jury instructions in *United States v. Bourke*, No. 05-cr-518 (SAS) (S.D.N.Y.).

**<u>Request No. 14 – Count Three:  Fourth Element:  Defendant Sought Official Act in Exchange</u>**

The fourth element the government must prove beyond a reasonable doubt is that the defendant acted with the intent to obtain an official act from the foreign official in exchange for the payment.

In connection with Count Two, I instructed you on the concept of a "quid pro quo" exchange.  You should apply the same instruction here.  The government must prove beyond a reasonable doubt that the defendant intended to reach an understanding with the foreign official that the payment was being made in exchange for official action.

As I also explained in connection with Count Two, there is a special rule that applies to any donations made to the accounts that John Ashe claimed were established to support his work as President of the General Assembly of the United Nations.  You should apply the same instruction here.  In order to prove a quid pro quo involving these alleged donations, the government must prove beyond a reasonable doubt that the defendant made the payments in exchange for a clearly stated promise from John Ashe to perform a specific official act.

In connection with Count Two, I also instructed you on the definition of an "official act." You should apply the same instruction here, with one difference.  For Count Two, an official act was defined as a decision or action by an "agent of the United Nations" on a question or matter that was pending or could have been brought before the United Nations.  For Count Three, an official act is a decision or action by a "foreign official" on a question or matter that was pending or could have been brought before the foreign government or public international organization of which that person was an official.

For an explanation of the FCPA's "quid pro quo" requirement, *see United States v. Kay*, 359 F.3d 738, 740, 743-44 (5th Cir. 2004) (stating, for example, that defendant must "seek[] to

21

induce a foreign official to act in consideration of a bribe (*quid pro quo*)"); *Stichting Ter Behartiging Van de Belangen Van Oudaandeelhouders In Het Kapitaal Van Saybolt Int'l B.V. v. Schreiber*, 327 F.3d 173, 182 (2d Cir. 2003) (observing that "Congress intended to incorporate within the FCPA the elements of the crime of bribery").  For an explanation of the special rule that applies to political donations, see Request No. 8 above.  For an explanation of the FCPA's "official act" requirement, *see* Mr. Ng's reply brief in support of his motion to dismiss the indictment (Dkt. 354 at 20-22) and his response to the government's sur-reply in opposition (Dkt. 374 at 11-14).

**Request No. 15 – Count Three:  Fifth Element:  Intent to Obtain or Retain Business**

The fifth element the government must prove beyond a reasonable doubt is that the defendant intended to assist the domestic concern in obtaining or retaining business for or with any person or directing business to any person.

I have already instructed you on the definition of "domestic concern" in connection with the first element of Count Three.  You should apply the same instruction here.  Recall that, with respect to the first element, I instructed you that the government must prove beyond a reasonable doubt that the defendant was a domestic concern or had a specific type of relationship with a domestic concern.  If, in accordance with those instructions, you find that the first element is satisfied, you will necessarily have identified a domestic concern.  For purposes of the third element, the government must prove the defendant intended to assist that particular domestic concern in obtaining, retaining, or directing business.

The "business purpose" requirement I have just described requires the government to prove that the defendant intended to assist the domestic concern with obtaining, retaining, or directing transactions of a commercial nature, for profit or financial gain.  This is not limited to the obtaining or renewal of contracts or other business, but also includes the execution or performance of contracts or the carrying out of existing business.

Adapted from the jury instructions in *United States v. Esquenazi*, No. 09-cr-21010 (S.D. Fla. Aug. 5, 2011), ECF No. 520 at 26-27, and several other sources:
- *United States v. Banki*, 685 F.3d 99, 114 (2d Cir. 2012) ("giving the term 'business' its 'plain and unambiguous meaning,' . . . a 'business' is an enterprise that is carried on for profit or financial gain").
- BUSINESS, Black's Law Dictionary (10th ed. 2014) (defining "business" primarily as "[a] commercial enterprise carried on for profit," "[c]ommercial enterprises," and "[c]ommercial transactions").
- H.R. Conf. Rep. 95-831, 11-12 (1977), *reprinted in* 1977 U.S.C.C.A.N. 4121, 4124-25 (explaining that the FCPA contains a "'business purpose' test").

23

- S. Rep. 95-114, 1-4 (1977), *reprinted in* 1977 U.S.C.C.A.N. 4098, 4099-101 (explaining that the FCPA was drafted in response to concerns about the "misuse of corporate funds" by "U.S. business concern[s]," *i.e.*, "U.S. companies," engaged in "corporate bribery" that subverts the "free market system" of "international trade").

- H.R. Rep. 105-802, 10 (1998) (explaining that the "goal of the United States" is to promote more "attractive investment climates" by ensuring that companies can "compet[e] directly on the price and quality of products" rather than engaging in bribery).

- S. Rep. 105-277, 1 (1998) ("Through [the FCPA], the United States declared its policy that American companies should act ethically in bidding for foreign contracts and should act in accordance with the U.S. policy of encouraging the development of democratic institutions and honest, transparent business practices.").

- *United States v. Kay*, 359 F.3d 738, 756 (5th Cir. 2004) (holding that the government must prove "that the bribery was intended to produce an effect . . . that would 'assist in obtaining or retaining business'"); *see also id.* at 749-50 (referring to a business's interest in boosting "profit margins," creating disadvantages for "competitors," and obtaining "business opportunities"); *id.* at 759-60 (describing the "business nexus" as assistance in "underbid[ding] competitors," "fend[ing] off potential competition," ensuring "an operating profit," and, more generally, obtaining or retaining "business transactions or opportunities").

- U.S. DOJ & U.S. SEC, *FCPA: A Resource Guide to the U.S. Foreign Corrupt Practices Act* (2012), at 12-13 & n.65 (referring to the "business purpose test"), *available at* https://www.justice.gov/sites/default/files/criminal-fraud/legacy/2015/01/16/guide.pdf.

**Request No. 16 – Count Three:  Sixth Element:  Defendant Acted "Corruptly"**

The sixth element the government must prove beyond a reasonable doubt is that the defendant acted "corruptly."  In the context of Count Three, there are two things the government must prove in order to satisfy this element.

First, the government must prove beyond a reasonable doubt that the defendant made the payment, offer, promise, or authorization of payment with the intent to cause the foreign official to misuse his official position and breach his official duties.

Second, the government must prove beyond a reasonable doubt that the defendant was conscious of his own wrongdoing.  This requirement has sometimes been expressed as having a bad or evil state of mind.  If the defendant did not believe that his conduct was wrongful or unlawful, he did not act corruptly.


Adapted from *Stichting Ter Behartiging Van de Belangen Van Oudaandeelhouders In Het Kapitaal Van Saybolt Int'l B.V. v. Schreiber*, 327 F.3d 173, 182-83 (2d Cir. 2003) (requiring the defendant to have a "bad," "wrongful," or "evil" state of mind and the intent to cause a foreign official to "misuse his position or breach his duties").  *See also* 15 U.S.C. § 78dd-2(a)(3) (requiring the defendant to have a "corrupt[]" state of mind in *addition* to "knowing" that his payments will be offered to a foreign official "for purposes of" obtaining a breach of "lawful duty" or "improper advantage").

**Request No. 17 – Count Three:  Seventh Element:  Defendant Acted "Willfully"**

In addition to the "corruptly" element, the government must also prove beyond a reasonable doubt the separate element of "willfully," that is, prove that the defendant acted not only corruptly but "willfully."  This is the seventh element the government must prove beyond a reasonable doubt.  The term "willfully" means that the defendant knew that his actions were illegal.  The defendant need not, however, be aware of the specific law that his conduct may be violating—here, the Foreign Corrupt Practices Act.

The FCPA's "willfully" element requires proof that the defendant knew that his actions were illegal.  The Supreme Court "ha[s] consistently held that a defendant cannot harbor ['willful'] criminal intent unless he 'acted with knowledge that his conduct was unlawful.'"  *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57 n.9 (2007) (quoting *Bryan v. United States*, 524 U.S. 184, 193 (1998)).  Indeed, the standard jury instruction for the term "willfully" defines it as "to act with knowledge that one's conduct is unlawful and with the intent to do something the law forbids, that is to say with the bad purpose to disobey or disregard the law."  Sand, *Modern Federal Jury Instructions – Criminal*, Instr. 3A-3.  Courts have applied this principle in the FCPA context. *See United States v. Kozeny*, 493 F. Supp. 2d 693, 704 (S.D.N.Y. 2007) (construing the FCPA's "willfully" element to require proof that "the defendant acted with knowledge that his conduct was unlawful" (quoting *Bryan*, 524 U.S. at 191-92)), *aff'd*, 541 F.3d 166 (2d Cir. 2008); *United States v. Esquenazi*, No. 09-cr-21010 (S.D. Fla. Aug. 5, 2011), ECF No. 520 at 38 (requiring a "bad purpose to disobey or disregard the law"); *United States v. Jefferson*, No. 07-cr-209 (E.D. Va. June 22, 2010), ECF No. 684 at 83 ("If the evidence shows you that the defendant actually believed the transaction was legal, he cannot be convicted, nor can he be convicted of being stupid or negligent or mistaken.").  The government agrees that the FCPA requires the defendant to "know generally that his conduct is unlawful."  DOJ's *Resource Guide to the FCPA*, 14 (2012), *available at* https://www.justice.gov/sites/default/files/criminal-fraud/legacy/2015/01/16/guide.pdf.

### Request No. 18 – Count Three:  Affirmative Defenses

The defendant in this case has raised what are called "affirmative defenses."  If one or more of these affirmative defenses are proved, you must find the defendant not guilty of Count Three even if the government has proved the elements of Count Three beyond a reasonable doubt.

First, you must find the defendant not guilty of Count Three if the payment, gift, offer, or promise of anything of value that was made, was lawful under the written laws and regulations of the foreign official's country.

Second, you must find the defendant not guilty of Count Three if the payment, gift, offer, or promise of anything of value that was made, was a reasonable and bona fide expenditure, such as travel and lodging expenses, incurred by or on behalf of a foreign official and was directly related to either (a) the promotion, demonstration, or explanation of products or services; or (b) the execution or performance of a contract with a foreign government or agency thereof.

The defendant has the burden of proving an affirmative defense by a preponderance of the evidence.  To prove something by a preponderance of the evidence means to prove only that it is more likely true than not true.  It is determined by considering all of the evidence and deciding which evidence is more convincing.  In determining whether the defendant has proven this defense, you may consider the relevant testimony of all of the witnesses, regardless of who may have called them, and all of the relevant exhibits, regardless of who may have produced them.  If the evidence appears to be equally balanced, or you cannot say upon which side it weighs heavier, you must resolve this question against the defendant.  However, it is important to remember that the fact that the defendant has raised these defenses does not relieve the government of the burden of proving all of the elements of the crime as I have defined them for

you.  These are things that the government still must prove beyond a reasonable doubt, even if

the defendant fails to prove one of these affirmative defenses.


The second and third paragraphs are adapted from 15 U.S.C. § 78dd-2(c), and the fourth
paragraph is adapted from Sand, *Modern Federal Jury Instructions – Criminal*, Instr. 4-5.

### REQUEST NO. 19 – COUNT FOUR:  ELEMENTS OF FCPA § 78dd-3 (WITHIN THE U.S.)

Count Four charges the defendant with a violation of the provision of the Foreign Corrupt Practices Act that applies to actions taken while in the territory of the United States.  In order to prove the defendant guilty, the government must prove each of the following elements beyond a reasonable doubt:

First, that the defendant was *not* a "domestic concern"; was an officer, director, employee, or agent of person that was *not* a domestic concern; or was a stockholder of such a person acting on behalf of that person;

Second, that the defendant either (a) paid, offered, promised to pay, or authorized the payment of money or anything of value to a "foreign official," or (b) paid, offered, promised to pay, or authorized the payment of money or anything of value to any person while knowing that all or a portion of the payment would be offered, given, or promised (directly or indirectly) to a "foreign official."

Third, that the defendant took an action in furtherance of an offer, payment, promise to pay, or authorization of the payment of money or anything of value while within the territory of the United States;

Fourth, that the defendant acted with the intent to obtain an official act from the foreign official in exchange for the payment;

Fifth, that the defendant made the payment to assist the domestic concern in obtaining or retaining business for or with, or directing business to, any person;

Sixth, that the defendant acted "corruptly";

Seventh, that the defendant acted "willfully."

*See* 15 U.S.C. § 78dd-3(a), (e)(2)(A).

29

**<u>Request No. 20 – Count Four:  First Element:  Covered Persons</u>**

The first element the government must prove beyond a reasonable doubt is that the defendant fell into one of three categories at the time of the alleged conduct:

(a) the defendant was *not* a "domestic concern";

(b) the defendant was an officer, director, employee, or agent of a company organized under the laws of a foreign nation, or of a person who is not a domestic concern; or

(c) the defendant was a stockholder of a company organized under the laws of a foreign nation and was acting on behalf of that company.

I have already instructed you on the definition of "domestic concern."  You should apply the same instruction here.


Adapted from the text of 15 U.S.C. § 78dd-3(a) and (f)(1).

**<u>Request No. 21 – Count Four:  Second Element:  Defendant Knowingly Paid a "Foreign</u>**
**<u>Official"</u>**

The second element the government must prove beyond a reasonable doubt is that the

defendant either (a) paid, offered, promised to pay, or authorized the payment of money or

anything of value to a foreign official, or (b) paid, offered, promised to pay, or authorized the

payment of money or anything of value to any person while knowing that all or a portion of the

payment would be offered, given, or promised (directly or indirectly) to a foreign official.

I have already instructed you on the meaning of these terms, including the definition of

"foreign official," in connection with the second element of Count Three.  You should apply the

same instructions here.

*Compare* 15 U.S.C. § 78dd-2(a), (h)(2)(A), *with id.* § 78dd-3(a), (f)(2)(A).

**Request No. 22 – Count Four:  Third Element:  Defendant Took Action Within the U.S.**

The third element the government must prove beyond a reasonable doubt is that the

defendant took an action in furtherance of the offer, payment, promise to pay, or authorization of

the payment of money or anything of value while physically present within the territory of the

United States.

The territory of the United States includes the fifty states and the District of Columbia.

*See* 15 U.S.C. § 78dd-3(a) (requiring action "while in the territory of the United States"); S. Rep. 105-277, 6 (1998) ("[T]his section limits jurisdiction over foreign nationals and companies to instances in which the foreign national or company takes some action while physically present within the territory of the United States . . . ."); H.R. Rep. 105-802, 22 (1998) (same); *United States v. Hoskins*, 123 F. Supp. 3d 316, 327 n.14 (D. Conn. 2015) (observing that the defendant could not be prosecuted under § 78dd-3 because he "never entered the territory of the United States").

**Request No. 23 – Count Four:  Fourth, Fifth, Sixth, and Seventh Elements**

The fourth, fifth, sixth, and seventh elements of Count Four are the same as the fourth, fifth, sixth, and seventh elements of Count Three.  You should apply the same instructions here.

As a reminder, the fourth element the government must prove beyond a reasonable doubt is that the defendant acted with the intent to obtain an official act from the foreign official in exchange for the payment.

The fifth element the government must prove beyond a reasonable doubt is that the defendant made the payment to assist the domestic concern in obtaining or retaining business for or with, or directing business to, any person.

The sixth element the government must prove beyond a reasonable doubt is that the defendant acted "corruptly."

And the seventh element the government must prove beyond a reasonable doubt is that the defendant acted "willfully."


*Compare* 15 U.S.C. § 78dd-2(a), (g)(2)(A), *with id.* § 78dd-3(a), (e)(2)(A).

**<u>Request No. 24 – Count Four:  Affirmative Defenses</u>**

I also instructed you on two affirmative defenses in connection with Count Three.  Those affirmative defenses apply equally to Count Four.  As a result, you should apply those same instructions here.

Recall that the first of the two affirmative defenses requires you to find the defendant not guilty of Count Three if the payment, gift, offer, or promise of anything of value that was made, was lawful under the written laws and regulations of the foreign official's country.  Thus, even though Count Four requires the government to prove beyond a reasonable doubt that the defendant took an action in furtherance of an offer, payment, promise to pay, or authorization of the payment of money or anything of value to a foreign official while physically present within the territory of the United States, it is the law of the foreign official's country, not the United States, that determines whether this affirmative defense is proved.

If one or more affirmative defense is proved, you must find the defendant not guilty of Count Four even if the government has proved the elements of Count Four beyond a reasonable doubt.

*Compare* 15 U.S.C. § 78dd-2(c), *with id.* § 78dd-3(c).

<u>**Request No. 25 – Count One:  Elements of Conspiracy**</u>

This completes my instructions on what are called the "substantive" counts of bribery and violations of the Foreign Corrupt Practices Act.  I will now go back to Count One, which charges the defendant with conspiracy to pay bribes and to violate the Foreign Corrupt Practices Act.  A conspiracy is a kind of criminal partnership, an agreement of two or more persons to join together to accomplish some unlawful purpose.  In order to satisfy its burden of proof with respect to the allegation of conspiracy, the government must establish each of the following elements beyond a reasonable doubt:

First, the existence of the conspiracy charged in the indictment—that is, as to Count One, an agreement or understanding to pay bribes and to violate the Foreign Corrupt Practices Act.

Second, that the defendant intentionally, knowingly, and willfully became a member of the conspiracy.  That is, he knowingly participated in the conspiracy to pay bribes and to violate the Foreign Corrupt Practices Act with knowledge of the conspiracy's objects and with intent to further the aims of the conspiracy.

Third, that one of the members of the conspiracy knowingly committed at least one of the overt acts charged in the indictment; and

Fourth, that the overt act or acts which you find to have been committed were committed to further some objective of the conspiracy.


Adapted from the jury instructions in *United States v. Skelos*, No. 15-cr-317 (KMW) (S.D.N.Y.), and Sand, *Modern Federal Jury Instructions – Criminal*, Instr. 19-3.

**Request No. 26 – Count One:  First Element:  Existence of an Unlawful Agreement**

The first element that the government must prove beyond a reasonable doubt is the existence of the conspiracy.  Simply defined, a conspiracy is an agreement by two or more persons to violate the law.  In this instance, the unlawful purposes alleged to be the objects of the conspiracy charged in Count One are to pay bribes and to violate the Foreign Corrupt Practices Act.

The essence of the crime of conspiracy is the unlawful combination or agreement to violate the law.  The success or failure of a conspiracy is not material to the question of guilt or innocence of the conspirator, for a conspiracy is a crime entirely separate and distinct from the substantive crime that may be the goal of the conspiracy.  The crime of conspiracy is complete once the unlawful agreement is made.

To establish a conspiracy, the government is not required to show that two or more persons sat around a table and entered into a solemn compact, orally or in writing, stating that they have formed a conspiracy to violate the law and setting forth all the details of the plans and the means by which the unlawful project is to be carried out, or the part to be played by each conspirator.  It is sufficient if two or more persons came to a common understanding to violate the law.  Express language or specific words are not required to indicate assent or attachment to a conspiracy.

In order to establish the existence of the conspiracy, you must find beyond a reasonable doubt, after considering all of the relevant evidence, that the minds of at least two alleged conspirators met in an understanding way and that they agreed to work together in furtherance of the unlawful scheme alleged in Count One of the indictment.

36

In this case, the government alleges that the purpose of the conspiracy was to accomplish three illegal objectives, that is, (1) to pay bribes, (2) to violate the provision of the Foreign Corrupt Practices Act that applies to domestic concerns, and (3) to violate the provision of the Foreign Corrupt Practices Act that applies to actions taken within the territory of the United States.

In connection with Count Two, I instructed you on the law regarding the payment of bribes.  You should apply those instructions in considering whether the payment of bribes, as I have explained them in Count Two, was a purpose of the conspiracy.

In connection with Count Three, I instructed you on the provision of the Foreign Corrupt Practices Act that applies to domestic concerns.  You should apply those instructions in considering whether violating this provision of the Foreign Corrupt Practices Act was a purpose of the conspiracy.

In connection with Count Four, I instructed you on the provision of the Foreign Corrupt Practices Act that applies to actions taken within the territory of the United States.  You should apply those instructions in considering whether violating this provision of the Foreign Corrupt Practices Act was a purpose of the conspiracy.

If the government fails to prove that at least one of these three objectives was an objective of the conspiracy, then you must find the defendant not guilty of Count One.  On the other hand, the government need not prove that all three of these were objectives of the conspiracy in order to satisfy this element.  It is sufficient if you find beyond a reasonable doubt that the defendant agreed to commit one of them.  However, all twelve of you must agree on the specific objective the defendant agreed to try to accomplish.  If you cannot unanimously agree on

one particular objective for the conspiracy, then you must find the defendant not guilty of Count

One.


Adapted from the jury instructions in *United States v. Skelos*, No. 15-cr-317 (KMW) (S.D.N.Y.), and Sand, *Modern Federal Jury Instructions – Criminal*, Instr. 9-7.1.

**<u>Request No. 27 – Count One:  Second Element:  Defendant Knowingly Participated</u>**

The second element that the government must prove beyond a reasonable doubt is that the defendant participated in the conspiracy with knowledge of its unlawful purpose and in furtherance of its unlawful object.

The government must prove beyond a reasonable doubt that the defendant, by his own actions and conduct, intentionally, knowingly, and willfully entered into the conspiracy or agreement with a criminal intent, that is, with awareness of the generally unlawful nature of his acts.

For this element, the terms "intentionally" and "knowingly" means that you must be satisfied beyond a reasonable doubt that, in joining the conspiracy, if you find that the defendant did join the conspiracy, that the defendant knew what he was doing, that he took the actions in question deliberately and voluntarily.

An act is done knowingly and intentionally only if it is done deliberately and purposefully, that is, the act must have been the product of the defendant's conscious objective rather than the product of force, mistake, accident, mere negligence or some other innocent reason.

Mere association by one person with another does not make that person a member of the conspiracy even when coupled with knowledge that a conspiracy is taking place.  Similarly, mere presence at the scene of a crime, even coupled with knowledge that a crime is taking place, is not sufficient to support a conviction. In other words, knowledge without participation is not sufficient.  A person may know or be friendly with a criminal without being a criminal himself. Mere similarity of conduct or the fact that they may have assembled together and discussed common aims and interests does not necessarily establish membership in a conspiracy.  What is

39

necessary is that the defendant participated in the conspiracy with knowledge of its unlawful purpose and with an intent to aid in the accomplishment of its unlawful object.

In sum, the defendant, with an understanding of the unlawful character of the conspiracy, must have intentionally and knowingly engaged, advised or assisted in it for the purpose of furthering an illegal undertaking.

Adapted from the jury instructions in *United States v. Skelos*, No. 15-cr-317 (KMW) (S.D.N.Y.), and Sand, *Modern Federal Jury Instructions – Criminal*, Instr. 19-6.

### Request No. 28 – Count One:  Third Element:  Commission of an Overt Act

The third element that the government must prove beyond a reasonable doubt, to establish the offense of conspiracy, is that at least one of the overt acts charged in the indictment was knowingly committed by at least one of the conspirators, at or about the time and place alleged.

The indictment charges that the following overt acts were committed in the Southern District of New York:  [*Read overt acts*.]

In order for the government to satisfy this element, it is not required that all of the overt acts alleged in the indictment be proven.  Similarly, you need not find that the defendant in this case committed the overt act.  It is sufficient for the government to show that one of the conspirators knowingly committed an overt act in furtherance of the conspiracy, since such an act becomes, in the eyes of the law, the act of all of the members of the conspiracy.

You are further instructed that the overt act need not have been committed at precisely the time alleged in the indictment.  It is sufficient if you are convinced beyond a reasonable doubt, that it occurred at or about the time and place stated.

Finally, you must find that either the agreement was formed or that an overt act was committed in the Southern District of New York.  The Southern District of New York includes Manhattan, the Bronx, and Westchester, Rockland, Putnam, Dutchess, Orange, and Sullivan Counties.


Adapted from Sand, *Modern Federal Jury Instructions – Criminal*, Instr. 19-7.

### Request No. 29 – Count One:  Fourth Element:  Overt Act Was in Furtherance of Conspiracy

The fourth, and final, element which the government must prove beyond a reasonable doubt is that the overt act was committed for the purpose of carrying out the unlawful agreement.

In order for the government to satisfy this element, it must prove, beyond a reasonable doubt, that at least one overt act was knowingly and willfully done, by at least one conspirator, in furtherance of some object or purpose of the conspiracy, as charged in the indictment.

Adapted from Sand, *Modern Federal Jury Instructions – Criminal*, Instr. 19-8.

### REQUEST NO. 30 – COUNT SIX:  ELEMENTS OF MONEY LAUNDERING

I explained Counts Two through Four before explaining Count One because the conspiracy charged in Count One incorporates elements from Counts Two Through Four. Similarly, I will explain Count Six before explaining Count Five, which is another conspiracy charge.

Count Six charges the defendant with money laundering.  In order to prove the defendant guilty, the government must prove each of the following elements beyond a reasonable doubt:

First, that the defendant transported (or attempted to transport) a monetary instrument or funds from a place in the United States to or through a place outside the United States (or to a place in the United States from or through a place outside the United States);

Second, that the defendant did so with the intent to promote the carrying on of specified unlawful activity.

Adapted from Sand, *Modern Federal Jury Instructions – Criminal*, Instr. 50A-12.

43

**Request No. 31 – Count Six:  First Element:  Funds Transported to or from the U.S.**

The first element the government must prove beyond a reasonable doubt is that the defendant transported (or attempted to transport) a monetary instrument or funds from a place in the United States to or through a place outside the United States (or to a place in the United States from or through a place outside the United States).

The term "monetary instrument" means coin or currency of the United States or of any other country, travelers' checks, personal checks, bank checks, money orders, investment securities in bearer form or otherwise in such form that title thereto passes upon delivery, and negotiable instruments in bearer form or otherwise in such form that title thereto passes upon delivery.

The term "funds" refers to money or negotiable paper which can be converted into currency.

"Transportation" is not a word which requires a definition; it is a word which has its ordinary, everyday meaning.  The government need not prove that the defendant physically carried the funds or monetary instrument in order to prove that he is responsible for transporting it.  All that is required is proof that the defendant caused the funds or monetary instrument to be transported.

To satisfy this element, the government must also prove that the funds or monetary instruments were transported from somewhere in the United States to or through someplace outside the United States (or to someplace in the United States from or through someplace outside the United States).

Adapted from Sand, *Modern Federal Jury Instructions – Criminal*, Instr. 50A-13.

**<u>Request No. 32 – Count Six:  Second Element:  Intent to Promote Specified Unlawful
Activity</u>**

The second element the government must prove beyond a reasonable doubt is that that
the defendant acted with intent to promote the carrying on of "specified unlawful activity,"
which I will define for you shortly.

To act intentionally means to act deliberately and purposefully, not by mistake or
accident, with the purpose of promoting, facilitating or assisting the carrying on of the "specified
unlawful activity."  If you find that the defendant acted with the intention or deliberate purpose
of promoting, facilitating, or assisting in the carrying on of the "specified unlawful activity,"
then the third element is satisfied.  It is not enough, however, if the defendant merely knew that
his actions would promote, facilitate, or assist the "specified unlawful activity."

The defendant is charged with intending to promote three types of "specified unlawful
activity":  (a) the payment of bribes charged in Count Two, (b) the violations of the Foreign
Corrupt Practices Act charged in Counts Three and Four, and (c) the bribery of one or more
foreign officials in violation of foreign law.

If the government fails to prove that the defendant intended to promote at least one of
these three types of "specified unlawful activity," then you must find the defendant not guilty.
On the other hand, the government need not prove that the defendant intended to promote all
three types of "specified unlawful activity."  It is sufficient for this element if you find beyond a
reasonable doubt that the defendant intended to promote one of them.  However, all twelve of
you must agree on the "specified unlawful activity" that the defendant intended to promote.  If
you cannot unanimously agree on one type of "specified unlawful activity," then you must find
the defendant not guilty of Count Six.

I have already instructed you on the elements required to find the payment of bribes charged in Count Two.  You should apply those same instructions here in determining whether the defendant acted with the intention or deliberate purpose of promoting, facilitating, or assisting in the payment of these bribes.

I have also already instructed you on the elements required to find the violations of the Foreign Corrupt Practices Act charged in Counts Three and Four.  You should apply those same instructions here in determining whether the defendant acted with the intention or deliberate purpose of promoting, facilitating, or assisting in the violations of the Foreign Corrupt Practices Act charged in Counts Three and Four.

If you find the defendant not guilty of one or more of these underlying crimes—Count Two, Three, or Four—then, for purposes of Count Six, you must find the defendant not guilty of intentionally promoting that specified unlawful activity.

Adapted from Sand, *Modern Federal Jury Instructions – Criminal*, Instr. 50A-14, and paragraph 32 of the Second Superseding Indictment (Dkt. 322).  Regarding the unanimity requirement, see the authorities cited in Request No. 3 above and Sand, *Modern Federal Jury Instructions – Criminal*, Instr. 9-7.1.

**<u>Request No. 33 – Count Six:  Second Element:  Foreign Law</u>**

As I just instructed you, the third type of specified unlawful activity that the defendant is charged with intending to promote involves a violation of foreign law.

[**<u>Note:</u>**  We will submit this instruction separately in conjunction with our response to the government's letter motion on the issue of foreign law.]

REQUEST NO. 34 – COUNT FIVE:  ELEMENTS OF MONEY LAUNDERING CONSPIRACY

Count Five charges the defendant with conspiracy to commit money laundering.  In order to satisfy its burden of proof, the government must establish the following two elements beyond a reasonable doubt:

First, the existence of the conspiracy charged in the indictment—that is, an agreement to commit money laundering.

Second, that the defendant intentionally and knowingly became a member of the conspiracy with knowledge of the conspiracy's objects and with intent to further the aims of the conspiracy.

Adapted from *United States v. Skelos*, No. 15-cr-317 (KMW) (S.D.N.Y.).

## **Request No. 35 – Count Five:  First Element:  Existence of an Unlawful Agreement**

The first element that the government must prove beyond a reasonable doubt is the existence of the conspiracy.

I have already instructed you on this element in connection with Count One.  You should apply the same instruction here.  The only difference is that, for Count Five, the government must prove beyond a reasonable doubt that the unlawful objective of the conspiracy was to commit money laundering.  If the government fails to prove that that the objective of the conspiracy was to commit money laundering, then you must find the defendant not guilty of Count Five.

I instructed you on the elements of money laundering in connection with Count Six.  Recall that the defendant was charged with money laundering with the intent to promote three types of "specified unlawful activity":  (a) the payment of bribes charged in Count Two, (b) the violations of the Foreign Corrupt Practices Act charged in Counts Three and Four, and (c) the bribery of one or more foreign officials in violation of foreign law.

In Count Five, the defendant is charged with agreeing to promote these three types of "specified unlawful activity" through money laundering.  If the government fails to prove that the defendant agreed to promote at least one of these three types of "specified unlawful activity" through money laundering, then you must find the defendant not guilty.  On the other hand, the government need not prove that the defendant agreed to promote all three types of "specified unlawful activity."  It is sufficient for this element if you find beyond a reasonable doubt that the defendant agreed to promote one of them.  However, all twelve of you must agree on the "specified unlawful activity" that the defendant agreed to promote through money laundering.  If

you cannot unanimously agree on one type of "specified unlawful activity," then you must find the defendant not guilty of Count Five.

In addition, note that if you find the defendant not guilty of Count One, you must find the defendant not guilty of Count Five.

*See* Requests Nos. 26 and 32 above.  Regarding the unanimity requirement, see the authorities cited in Request No. 3 above and Sand, *Modern Federal Jury Instructions – Criminal*, Instr. 9-7.1.

**<u>Request No. 36 – Count Five:  Second Element:  Defendant Knowingly Participated</u>**

The second element that the government must prove beyond a reasonable doubt is that the defendant participated in the conspiracy with knowledge of its unlawful purpose and in furtherance of its unlawful object.

I have already instructed you on this element in connection with Count One.  You should apply the same instruction here.

*See* Request No. 27 above.

Dated:        May 12, 2017
              New York, New York

                                        Respectfully submitted,

                                        _____

                                        Alexandra A.E. Shapiro
                                        Daniel J. O'Neill
                                        Fabien Thayamballi
                                        Shapiro Arato LLP
                                        500 Fifth Avenue, 40th Floor
                                        New York, New York 10110
                                        (212) 257-4880

                                        Tai H. Park
                                        Christopher Greer
                                        Park Jensen Bennett, LLP
                                        40 Wall Street
                                        New York, NY 10005
                                        (646) 200-6300

                                        Hugh H. Mo
                                        The Law Firm of Hugh H. Mo, P.C.
                                        225 Broadway, 27th Floor
                                        New York, NY 10007
                                        (212) 385-1500

                                        *Attorneys for Defendant Ng Lap Seng*