§UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
     :
UNITED STATES OF AMERICA     :
     :
     :
     :
    - v -     :     S5 15-CR-706 (VSB)
     :
NG LAP SENG     :     **MEMORANDUM & OPINION**
   a/k/a "David Ng,"     :
   a/k/a "Wu Liseng,"     :
   a/k/a "Boss Wu,"     :
     :
                                   Defendant.     :
     :
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/22/2017

VERNON S. BRODERICK, United States District Judge:

     On June 21, 2017, I issued a decision granting the Government's first ex parte motion pursuant to Section 4 of the Classified Information Procedures Act ("CIPA"), 18 U.S.C. app. 3 § 4, and Federal Rule of Criminal Procedure 16(d)(1) for a protective order authorizing the Government to withhold certain material from discovery (the "June 21 Decision"). (Doc. 536.) Pending before me is the Government's second ex parte motion under CIPA and Rule 16(d)(1) for a protective order authorizing the Government to withhold additional material from discovery.

     The Government fully submitted its motion papers on June 19, 2017, which included the classified motion and memorandum of law, certain of the classified materials, certain unclassified materials, and declarations of Government officials supporting the motion. Following my request, the Government also submitted the remaining classified materials referenced in the motion for my *in camera* review. Therefore, I have reviewed all of the classified materials that are the subject of the Government's second ex parte CIPA motion. In connection with this motion, I also held two ex parte conferences with the Government, the first

in advance of the motion's submission on May 26, 2017, and the second on June 22, 2017. Finally, and as referenced in the June 21 Decision, I held an ex parte conference with defense counsel on June 19, 2017 so that Defendant could better inform me of his potential defenses. In advance of that conference, Defendant submitted an ex parte letter, which outlined his defenses and attached exhibits, and I authorized its filing under seal. Following that conference, Defendant submitted another ex parte letter, a redacted version of which was filed on the public docket, (Doc. 539-1), and I authorize the filing of an unredacted version under seal. In rendering my decision, I consider the ex parte conference with defense counsel, along with Defendant's ex parte submissions in connection with that conference, Defendant's previous filings, and Defendant's arguments at prior conferences.[1]

## I. Section 6(b) Notice to the Defendant

Defendant, citing Section 6(b) of CIPA, requests that I direct the Government to provide him notice containing "a sufficiently detailed description of the [classified] documents to enable [his counsel] to establish their materiality to [the] defense." (Doc. 539-1.)

Section 6(b) governs the notice requirements that apply when the Government requests a hearing under Section 6(a), which states that "the United States may request the court to conduct a hearing to make all determinations concerning the use, relevance, or admissibility of classified information that would otherwise be made during the trial or pretrial proceeding." 18 U.S.C. app. 3 § 6(a). This hearing is intended to afford the Government "a reasonable opportunity to seek a determination pursuant to the procedure set forth in section 6" upon a defendant notifying the Government, under Section 5, that he or she may disclose or cause the disclosure of specific

---

[1] My discussion of the relevant legal standards related to CIPA, as set forth in the June 21 Decision, is incorporated herein.

classified information in connection with a trial or pretrial proceeding. *Id.* § 5(a); *see also United States v. Al Kassar*, 582 F. Supp. 2d 498, 499 (S.D.N.Y. 2008) (explaining that CIPA "requires a defendant to provide written notice of his or her intention to disclose or use classified information," after which the Government "may request the court to conduct a hearing" (citation omitted)). Defense counsel also references the provision in Section 6(b)(1) addressing circumstances where the Government "has not previously made information available to the defendant in connection with the case," in which case "the information may be described by generic category, in such form as the court may approve." 18 U.S.C. app. 3 § 6(b)(1). In sum, the Section 6 notice requirements presuppose that the defendant, or defense counsel, is in possession of classified information that he or she intends to disclose or use, or that he or she otherwise may cause the disclosure of that information. The procedural considerations governing these notice requirements thus render Section 6 inapplicable to the situation at hand, and Defendant does not cite to any case law that directly supports a different conclusion.

Indeed, at no point did the Government make a request for a hearing under Section 6(a), such that the notice requirements outlined in Section 6(b) would be triggered. *Cf. United States v. LaRouche Campaign*, 695 F. Supp. 1290, 1316 (D. Mass. 1988) ("To the extent that defendants are, instead, seeking *access* to classified information that has not been disclosed to them, a hearing under section 6 is not appropriate under CIPA."). Assuming that Defendant is requesting that the Government provide notice under Section 6(b) in the absence of a request for a hearing, neither the statute nor the case law support such a request.

## II. Ex Parte Consideration

The Government requests that I review this motion ex parte and *in camera*. For the same reasons set forth in the June 21 Decision, I find that the circumstances here warrant consideration

3

of the Government's motion ex parte. *See United States v. Abu-Jihaad*, 630 F.3d 102, 143 (2d Cir. 2010) (quoting *United States v. Aref*, 533 F.3d 72, 81 (2d Cir. 2008)); *see also United States v. El-Hanafi*, No. S5 10 CR 162(KMB), 2012 WL 603649, at *1 (S.D.N.Y. Feb. 24, 2012).

## III. The Protective Order

After examining the Government's motion papers, I find that disclosure of the additional classified materials would jeopardize national security and that the Government has adequately raised the state secrets privilege. Further, assuming these materials are discoverable, and in full consideration of the possible defenses disclosed to date, both in public and ex parte submissions as well as during public proceedings and the June 19, 2017 ex parte conference, I conclude that the classified materials at issue are either inculpatory, not material or helpful to the defense, or duplicative of information already in Defendant's possession or otherwise known by Defendant.

The Government's motion addresses two sets of classified information. With respect to the first set, I find that the information is, in part, inculpatory. To the extent that the information is not inculpatory, it does not "create[ ] 'a reasonable likelihood that the testimony could affect the judgement of the trier of fact,'" *El-Hanafi*, 2012 WL 603649, at *4 (quoting *United States v. Valenzuela-Bernal*, 458 U.S. 858, 874 (1982)), nor is the information important "in light of the evidence as a whole," *United States v. Zazi*, No. 10-CR-60 (JG), 2011 WL 2532903, at *2 (E.D.N.Y. June 24, 2011) (quoting *In re Terrorist Bombings of U.S. Embassies in E. Africa*, 552 F.3d 93, 125 (2d Cir. 2008)). Additionally, the substance of the classified information is known to Defendant and is contained in documents previously produced to the defense. With respect to the second set of classified materials described by the Government in its motion, I similarly find that the information is not helpful or material, and further find that at least some of the information is known by Defendant.

## IV. Conclusion

For the foregoing reasons, the Government's second ex parte motion under CIPA for a protective order is GRANTED. The Government is authorized to withhold from discovery the classified materials described in the brief and provided to me. The Government's submission is hereby sealed, and shall remain preserved in the custody of the Classified Information Security Officer to be made available to the Second Circuit for its review in the event of any appeal.

SO ORDERED.

Dated: June 22, 2017
      New York, New York

Vernon S. Broderick
United States District Judge