**SUPPLEMENTAL REQUEST NO. 1**
**COUNT TWO (GRATUITIES):  ELEMENTS OF ILLEGAL GRATUITY THEORY**

**For insertion after Request No. 9 in Defendant's Requests to Charge (Dkt. 478):**

I have just given you instructions concerning the elements the government must prove beyond a reasonable doubt in order for you to find the defendant guilty of bribery for purposes of Count Two.  However, Count Two charges the defendant with paying illegal gratuities in addition to bribes.  If you find that the government has not proven the elements of bribery beyond a reasonable doubt with respect to the defendant, then you must consider this alternative charge of illegal gratuities.  The gratuity charge is based upon the same events relied upon in connection with the bribery charge, but some of the essential elements are different.

In order to prove the defendant guilty of paying illegal gratuities, the government must prove each of the following elements beyond a reasonable doubt:

First, that in a one-year period, the United Nations received federal benefits in excess of $10,000;

Second, that at the time alleged in the indictment, John Ashe or Francis Lorenzo was an "agent" of the United Nations;

Third, that the defendant gave (or agreed to give or offered) something of value to this agent of the United Nations for his personal benefit;

Fourth, that the defendant acted with the intent to reward the agent of the United Nations for a specific "official act";

Fifth, that the "official act" involved something of value of at least $5,000;

Sixth, that the defendant acted "corruptly."

Adapted from Sand, *Modern Federal Jury Instructions – Criminal*, Instr. 16-7, 27A-16, and 27A-20, and the authorities cited further below with respect to the specific elements.

**Supplemental Request No. 2**
**Count Two (Gratuities):  First, Second, and Third Elements**

I have already instructed you on the first, second, and third elements in explaining the charge of bribery.  You should apply the same instructions here.

However, with respect to the third element, which requires that the defendant gave something of value to the agent of the United Nations, there is an important difference.  In order for a payment to qualify as an illegal gratuity, the defendant must intend to personally enrich the agent of the United Nations.  Thus, for example, payments to third parties and political donations to the Office of the President of the General Assembly do not qualify as illegal gratuities, because they do not inure to the personal benefit of the agent of the United Nations.

Again, payments made in the usual course of business do not qualify as illegal gratuities either.


Support for the second paragraph can be found in *McCormick v. United States*, 500 U.S. 257, 273 (1991); *United States v. Ganim*, 510 F.3d 134, 150 (2d Cir. 2007); *United States v. Brewster*, 506 F.2d 62, 72 n.6, 76-77, 81 (D.C. Cir. 1974); and Sections 2041, 2045, and 2046 of the DOJ Criminal Resource Manual, which is available at https://www.justice.gov/usam/criminal-resource-manual.

**Supplemental Request No. 3**
**Count Two (Gratuities):  Fourth Element:  Link to an "Official Act"**

The fourth element the government must prove beyond a reasonable doubt is that the defendant acted with the intent to reward the agent of the United Nations for a specific "official act."

Unlike a bribe, an illegal gratuity does not involve a quid pro quo exchange.  Instead, a gratuity is a reward for some future official act that the agent will take (and may already have determined to take), or for a past official act that he has already taken.

I have already instructed you on the definition of "official act," and you should apply the same instruction here.  The government must prove that there was a link between a thing of value conferred by the defendant and a specific official act for or because of which it was given.  In other words, the defendant must have intended to reward the agent for a specific official act.  It is not sufficient that the gratuity was given because the agent had authority over matters in which the defendant had an interest.

Adapted from Sand, *Modern Federal Jury Instructions – Criminal*, Instr. 16-7 and the jury instructions in *United States v. Skelos*, No. 15-cr-317 (KMW) (S.D.N.Y. Jan. 13, 2016), ECF No. 148, Tr. 2794-95.

**Supplemental Request No. 4**
**Count Two (Gratuities):  Fifth and Sixth Elements**

The fifth element the government must prove beyond a reasonable doubt is that the official act for which the agent was rewarded involved a question or matter of the United Nations that had a value of at least $5,000.  I have already instructed you on this element in explaining the charge of bribery, and you should apply the same instruction here.

The sixth element the government must prove beyond a reasonable doubt is that the defendant acted "corruptly."  I have already instructed you on this element in explaining the charge of bribery, and you should apply the same instruction here.  As a reminder, the defendant acted "corruptly" only if he sought to have an agent of the United Nations violate an official duty owed to the United Nations, and only if the defendant was conscious of his own wrongdoing, meaning that he believed that his conduct was wrongful or unlawful.

*See* 18 U.S.C. § 666.