```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
                                                      :
UNITED STATES OF AMERICA,                             :    S5 15-cr-706 (VSB)
                                                      :
              -v-                                     :    ORDER
                                                      :
NG LAP SENG,                                          :
                                                      :
              Defendant.                              :
                                                      :
------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/7/2017

VERNON S. BRODERICK, United States District Judge:

On July 27, 2017, after the jury returned a verdict of guilty on all counts, the Government moved to remand Defendant Ng. (*See* 7/27 Tr. 4339:13-14.)[1] I then directed the parties to file letters addressing the Government's request to remand, and the parties filed their respective letters concerning remand on August 4, 2017. (Docs. 614, 615.) On August 7, 2017, I held a hearing to address the Government's motion to remand.

For the reasons stated on the record, the Government's motion to remand the Defendant is DENIED, and Defendant's bail conditions are supplemented as set forth below.

1. This Order does not modify or remove the bail conditions imposed by my previous orders, except that my Order dated July 27, 2017, is modified to provide that Defendant need not seek prior court approval to leave his residence in the case of a true emergency, in which case Guidepost shall act as they deem reasonable given the circumstances and notify the Government and the Court as soon as practicable of the emergency. Defendant shall then seek retroactive Court approval as needed.

---

[1] "7/27 Tr." refers to the July 27, 2017 jury trial transcript. (Doc. 611.)

2. Visitors shall be limited to family members only.  With the exception of Defendant's attorneys of record, any other desired visitors must, in addition to being approved by the Government, be approved by the Court.

3. All visitors must be scanned by a magnetometer prior to entry into the residence, except for Defendant's attorneys of record.

4. With the exception of Defendant's attorneys of record and Defendant, if there are more than four persons over the age of eighteen in the residence, a third Guidepost security officer must be present.

5. Guidepost and the Government are to confer with respect to providing an appropriate member of the Government with access to the live video feed from the residence.  Tapes of that video feed shall be periodically provided to the Government.

6. Guidepost shall not eat food prepared or cooked on the premises, and should obtain their meals independently of any food at, or made and prepared at, the residence.

7. All visits must take place in spaces visible to the Guidepost officers, with doors open at all times.  In other words, Guidepost officers should always maintain line of sight with Defendant and his visitors.

8. On or before Thursday, August 10, 2017, Defendant shall provide for an independent, court certified interpreter or interpreters, who shall be present for all conversations that occur between Defendant and any Chinese-speaking visitors, including the family members currently residing with Defendant.  The interpreter or interpreters need not be present for conversations with Defendant's attorneys of record.  The interpreter or interpreters should be approved by the Government.

It is further ordered that the parties confer on a schedule for post-trial briefing, and submit that schedule to the Court by Friday, August 11, 2017.

SO ORDERED.

Dated: August 7, 2017
      New York, New York

_Vernon Broderick_
Vernon S. Broderick
United States District Judge