UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                :
UNITED STATES OF AMERICA,     :
                :
                :
          -v-             :     S5 15-CR-706 (VSB)
                :
NG LAP SENG,               :     **ORDER**
                :
          Defendant.    :
                :
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/25/2017

VERNON S. BRODERICK, United States District Judge:

      I am in receipt of Defendant's October 16, 2017 letter request relating to Defendant Ng's bail conditions (Doc. 669), the Government's October 20, 2017 limited opposition (Doc. 670), and Defendant's October 23, 2017 reply (Doc. 671).  Defendant's request seeks approval to meet in private with two Chinese consular officials, Mr. Yang Zerui and Mr. Ma Chao, outside the presence of a court-certified interpreter, or in the alternative, to meet with the Chinese consular officials in the presence of only Defendant Ng's bilingual counsel of record.  (Docs. 669, 671.) The Government does not oppose Defendant Ng having a consular visit, but asserts that the bail condition requiring a court-certified interpreter or interpreters be present for all conversations that occur between Defendant Ng and any Chinese-speaking visitors should apply to any consular visit.  (Docs. 616, 670.)

      Defendant's counsel points out that Defendant Ng's "bi-lingual counsel could ensure and confirm that nothing improper is discussed and that anything related to a possible violation of bail would be promptly reported to the Court, the government and the Guidepost security team." (Doc. 669.)  Although bi-lingual counsel would be first to hear possible improper discussions, all

counsel of record as officers of the Court are responsible to "ensure that nothing untoward is discussed, and that if it is, it will be reported promptly to the Court." (Doc. 671.) Accordingly, it is hereby:

ORDERED that Defendant's request to meet in private with Mr. Yang Zerui and Mr. Ma Chao is DENIED.

IT IS FURTHER ORDERED that Defendant's alternative request to meet with Mr. Yang Zerui and Mr. Ma Chao in the presence of Defendant's bilingual counsel, Ms. Xue Huang, is APPROVED, insofar as Mr. Yang Zerui and Mr. Ma Chao are appropriately accredited consular officers from the Consulate General of the People's Republic of China. To the extent there is a question concerning whether or not Mr. Yang Zerui and/or Mr. Ma Chao are appropriately accredited consular officers from the Consulate General of the People's Republic of China, prior to such meeting, Defendant's counsel must obtain and provide to the Government written confirmation from the United States Department of State or other appropriate authority of the consular credentials of Mr. Yang and Mr. Ma.

IT IS FURTHER ORDERED that Mr. Hugh Mo may also be present at such meeting.

IT IS FURTHER ORDERED that Defendant's counsel must report any untoward discussions to the Court and report anything related to a possible violation of bail to the Court, the government and the Guidepost security team. (*See* Docs. 669, 671.)

SO ORDERED.

Dated: October 25, 2017
      New York, New York

Vernon S. Broderick
United States District Judge