USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/9/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

          v.

NG LAP SENG,

                    Defendant.
------------------------------------------------------------X

S5 15-CR-706 (VSB)

**ORDER**

VERNON S. BRODERICK, United States District Judge:

As the parties are aware sentencing is scheduled in this matter for Friday, May 11, 2018, at 10:30 a.m. in Courtroom 110 of the U.S. District Court for the Southern District of New York, 40 Foley Square, New York, New York. The parties should prepared to either discuss/answer or provide the requested materials either at sentencing or prior to sentencing:

1. Paragraphs 124 through 126 of the Presentence Report ("PSR") and pages 12 through 18 of the Memorandum of Law of the United States of America in Opposition to the Defendant's Motion *In Limine* ("Government's in Limine Opposition" or "Govt. Opp.") refer to Defendant Ng's alleged involvement in improper or illegal campaign contributions. I searched for the word "Seng" as part of Defendant Ng's name and will review the pages of the Senate's report that are the result of that search. Are any other pages of the Senate's report that the parties believe are relevant to sentencing?

2. Pages 5 through 12 of the Government's in Limine Opposition refers to alleged interactions between Defendant Ng and a United States Representative ("Representative"). Are there particular materials that the parties believe are

relevant for me to consider with regard to sentencing? If so, please provide copies of those materials.

3. On page 34 and in various other places in the defense submission it is argued that "merely arranging a meeting or hosting an event to discuss a matter" does not qualify as an "official act" of the type required to show bribery. *McDonnell v. United States*, 136 S. Ct. 2355, 2375 (2016). Is there evidence in the record that the meeting in Macau in 2014 was substantively different than the type of meetings alluded to in *McDonnell*? Is there also evidence in the record that the payment $200,000 into one of Ashe's accounts had more than one purpose and/or were directed to more than one official act?

4. With regard to the $200,000 payment referenced above, on page 34 of the defense sentencing submission it states "[a]s far as the evidence at trial showed, even assuming Mr. Ng was aware of that donation, he had no reason to believe it would be spent on anything other than appropriate UN business." To the extent the defense is arguing that if the $200,000 payment was to be spent on "appropriate UN business" it could/would not be a bribe, what is the legal basis for such an argument?

5. Paragraph 58 of the PSR refers to travel arrangements made by Defendant Yin. Who or what entity paid for this travel?

6. What is the practical significance of the proposed Order of Judicial Removal? How much time will Defendant Ng have to be in immigration custody prior to being removed from the United States "upon his release from confinement, or, if [he] is not sentenced to a term of imprisonment"? How does that amount of time

compare to the approximate amount of time he would spend in immigration custody without such an order?

7. Is there a list of the 133 countries referenced in GX 1321-TX in the record? If so, please provide the list of those countries. Are these 133 countries the same as the United Nations South-South Developing Countries? If not, please identify the United Nations South-South Developing Countries.

8. On page 31, footnote 8 of the Government's sentencing submission indicates that the Government will produce additional evidence related to forfeiture of Defendant Ng's apartment upon request. To the extent the parties have not reached agreement with regard to forfeiture, please produce the additional evidence to me.

SO ORDERED.

Dated:  May 9, 2018
        New York, New York

Vernon S. Broderick
United States District Judge