


*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

June 19, 2018

**BY ECF**

The Honorable Vernon S. Broderick
United States District Judge
Thurgood Marshall United States Courthouse, Room 415
40 Foley Square
New York, New York 10007

    Re:    *United States v. Ng Lap Seng*,
                S5 15 Cr. 706 (VSB)

Dear Judge Broderick:

      The Government respectfully writes in opposition to the defendant's letter motion of June 12, 2018 ("Def. Ltr.") (Docket Entry No. 793) in which he requests an additional two months to surrender to commence serving his sentence. If granted, the defendant's request would result in him having four months to surrender. That would be an unusual period of time in any case. It would be extraordinary in this case, where it has already been nearly a year since the defendant was convicted and he previously received multiple adjournments of sentencing. The defendant's "vast network of real estate businesses" (Def. Ltr. 1) does not entitle him to special treatment with respect to surrender.

      As the Court is aware, the Government was and remains of the view that the Court had a more than sufficient basis to order remand at sentencing. While the Court exercised its discretion to permit a limited period before surrender, there is no valid basis for the defendant, who bears the burden to demonstrate that he is entitled to remain on bail, to be given a third of a year before starting to serve his sentence. The defendant proffers two bases for his request. Neither has merit.

      *First*, the defendant asserts that he needs two more months—on top of the two months he has already been given—"to get his complex business affairs in order." (Def. Ltr. 1.) But it has been nearly a year since the defendant was convicted, and he previously sought and received multiple adjournments of sentencing. (Docket Entry Nos. 680, 701.) The Government is unaware of any case in which a defendant repeatedly obtained adjournments of his sentencing and then was permitted four months to surrender. Nor is such treatment warranted on the record of this case. The defendant has already had ample time to get his affairs in order, and still has three more weeks.

      Indeed, as previously discussed with the Court, the defendant has used his vast wealth, and release on bail in a multi-million dollar, four-bedroom apartment, to receive daily visits from family, friends, and business associates. The defendant also (1) regularly has had individuals

Honorable Vernon S. Broderick
United States District Judge
June 19, 2018
Page 2

staying in his apartment (in addition to his housekeeper and adult family members) who have been described to the Government as assisting with "secretarial tasks," and (2) regularly speaks on the phone with a variety of people, including those abroad, concerning business matters. And once he is incarcerated, the defendant will continue to have access to the phone (and will also have access to email).

In short, the defendant does not explain persuasively—to the extent that he even attempts to explain—why he was purportedly unable to address sufficiently business matters in the last month, much less in the ten months pending sentencing, or in the two years before that. Nor does the defendant explain why he must physically remain out of prison not just for the three more weeks that he has already been given, but for two months beyond that, to address these matters, notwithstanding his family's involvement in the business and that much of the business has been managed by phone since October 2015.

To be sure, the defendant may prefer to manage his "diverse portfolio of holdings" (Def. Ltr. 1) from his spacious apartment, and with the assistance of a secretary. But that preference no more entitles the defendant to what he seeks than it would entitle a defendant who is not worth billions of dollars to delay surrender on ground that he or she still has work to do or wants to earn more money for his or her family before surrendering. The defendant's suggestion (*id.*) that "the well-being of his family," which is already far wealthier than most people could imagine, requires him to remain out of prison for months beyond what is typical should be rejected out of hand.

Nor is the defendant entitled to what he seeks based on self-serving speculation, for which he offers no objective support, that unidentified employees will materially suffer if others take the lead on his latest massive, for-profit "real estate project" (*id.* 1). As the Government explained at sentencing, just as a defendant's commission of crimes may separate him or her from family and friends, it may separate him or her from business life. That is not a basis for a lower sentence or otherwise to special treatment. *See, e.g.*, *United States v. Sharapan*, 13 F.3d 781, 785 (3d Cir. 1994) (there is "nothing extraordinary in the fact that the imprisonment of [a business's] principal for mail fraud and filing false corporate tax returns may cause harm to the business and its employees"); *United States v. Rutana*, 932 F.2d 1155, 1158 (6th Cir. 1991) ("[E]ven assuming that [the defendant's] imprisonment would lead to the failure of his business and the loss of his employees' jobs, this fact does not distinguish [him] from other similar offenders.").

*Second*, the defendant states that "an extension may be necessary" because the Federal Bureau of Prisons ("BOP") has not yet determined to what facility the defendant will be designated. (Def. Ltr. 2.) Even if this were a valid basis for an adjournment of a surrender date—and it is not—the defendant's conjecture is no more than that. The defendant does not assert that the BOP needs nearly three more months (from today to the date of surrender that the defendant seeks) to determine the facility of designation. Any such assertion would be baseless.

* * *

Honorable Vernon S. Broderick
United States District Judge
June 19, 2018
Page 3

      At bottom, what the defendant is seeking is to be permitted, even after conviction, sentencing, and the denial by this Court of his motion for bail pending appeal, to put off prison as long as possible on the ground that he is a successful businessman, and would like more time to engage in business in the manner that he prefers. That request is unwarranted, inequitable, and should be denied.

                                      Respectfully submitted,

                                      GEOFFREY S. BERMAN
                                      United States Attorney

By:    s/ Daniel C. Richenthal
        Daniel C. Richenthal
        Janis M. Echenberg
        Douglas S. Zolkind
        Assistant United States Attorneys
        (212) 637-2109/2597/2418

SANDRA MOSER
Acting Chief, Fraud Section
Criminal Division

By:    s/ David A. Last
        David A. Last
        Trial Attorney
        (202) 616-5651

cc:      (by ECF)

        Counsel of Record