# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

|  | 601 Lexington Avenue<br>New York, NY 10022 |  |
|---|---|---|
| George N. Bauer<br>To Call Writer Directly:<br>(212) 446-4777<br>george.bauer@kirkland.com | (212) 446-4800<br><br>www.kirkland.com | Facsimile:<br>(212) 446-4900 |

June 21, 2018

**By ECF**

Honorable Vernon S. Broderick
United States District Judge
United States Courthouse
40 Foley Square
New York, NY 10007

Re: *United States v. Ng Lap Seng*, S5 15 Cr. 706 (VSB)

Dear Judge Broderick:

We respectfully write in further support of Mr. Ng Lap Seng's request to extend his surrender date from July 10, 2018, to September 10, 2018, and in response to the letter in opposition submitted by the Government on June 19, 2018 ("Opposition") (Docket Entry No. 795).

Contrary to the Government's assertions, Mr. Ng's request is not about getting "special treatment," and contrary to the cases cited by the Government, it is not about avoiding or shortening the term of his imprisonment.[1] Rather, Mr. Ng is fully aware of the reality that incarceration is currently looming, and makes this request as part of a genuine, good-faith effort to resolve certain business matters and arrange for the management of his business while he serves his sentence. Indeed, Mr. Ng has been working hard to arrange for the management of his business by, among other things, "regularly speak[ing] on the phone with a variety of people, including those abroad, concerning business matters," as the Government acknowledges. (Opposition, at 2.) Further, as explained in our June 12, 2018 letter, the project which Mr. Ng seeks to complete was stalled until after his sentencing due to concerns by his business partners and banks, and since that time, Mr. Ng has timely moved the project toward completion.

And while the Government's opposition takes shots at Mr. Ng's wealth and appears to vilify him for having a successful business, that success should not prohibit him from having the same opportunities other defendants have had to arrange their financial affairs before incarceration,

---

[1] *See United States* v. *Sharapan*, 13 F.3d 781, 785 (3d Cir. 1994) (the court held that downward departure from sentence could not be supported on grounds that if defendant were incarcerated his business would fail and 32 persons would lose their jobs); *United States* v. *Rutana*, 932 F.2d 1155, 1158 (6th Cir. 1991) (the court refused to lower the defendant's sentence even assuming that the defendant's imprisonment would lead to the failure of his business and the loss of his employees' jobs).

## KIRKLAND & ELLIS LLP

Honorable Vernon S. Broderick
June 21, 2018
Page 2

as reflected in cases ignored by the Government's opposition. *See Graziose* v. *United States*, No. 03-cv-8109 (RWS), 2004 WL 1194590, at *1 (S.D.N.Y. June 1, 2004) (noting that several extensions of surrender dates were granted on grounds varying "from business to family concerns"); *Brown* v. *United States*, No. 02-cr-341(EBB), (D. Conn. Dec. 19, 2013) (granting multiple requests for extensions of several months in part to accommodate the defendant's participation in his parents' bankruptcy proceedings and the sale of family business). Consequently, Mr. Ng is not seeking any advantages to which a "defendant who is not worth billions of dollars" would be entitled, as claimed by the government. (Opposition, at 2.)  Instead, he is praying for an opportunity to make final arrangements for his business before imprisonment, the same as any other defendant.

Finally, the Government is wrong when it suggests that Mr. Ng can freely conduct business once incarcerated simply because he will "continue to have access to the phone." (Opposition, at 2.) There will be certain restrictions on Mr. Ng's ability to conduct business from prison, and it is therefore crucial that he be permitted the time to complete the arrangements *before* he begins service his sentence.  *See, e.g.*, 28 C.F.R. § 541.3 ("Moderate Severity Level Prohibited Acts - 334. Conducting a business"); BOP Program Statement 5264.08 p. 9 ("Inmates with ITS accounts are limited to 300 minutes [of telephone use] per calendar month.")

Accordingly, we continue to respectfully request that the Court extend the date of Mr. Ng's surrender to September 10, 2018, at 2:00 pm, with the bail conditions during that two-month period remaining unchanged.  Mr. Ng greatly appreciates the Court's consideration of this request.

               Respectfully Submitted,

               KIRKLAND & ELLIS LLP

          By: /s George N. Bauer
             George N. Bauer
             Kirkland & Ellis LLP
             601 Lexington Avenue
             New York, NY 10022

cc: Counsel of Record (by ECF)