

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

August 26, 2020

**BY ECF**

The Honorable Vernon S. Broderick
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *United States v. Ng Lap Seng*,
               S5 15 Cr. 706 (VSB)

Dear Judge Broderick:

      The Government respectfully writes in the above-captioned matter in response to the most recent letter of defendant Ng Lap Seng (Dkt. No. 967) in support of his motion for reconsideration of the Court's denial of his prior motion for compassionate release, *United States v. Ng Lap Seng*, --- F. Supp. 3d ----, 2020 WL 2301202 (S.D.N.Y. May 8, 2020).

      The defendant asserts that medical records he "recently received" from the Federal Bureau of Prisons "show that his health continues to deteriorate." Although the defendant bears the burden on his motion for reconsideration, he does not elaborate. Nor does he say whether the unidentified condition(s) to which he refers are associated with an increased risk of complications from COVID-19, or are materially different from those of numerous older inmates. In any event, the records do not support his conclusory assertion, much less demonstrate entitlement to the "extraordinary remedy" of reconsideration, *United States v. Daugerdas*, No. 09 Cr. 581 (WHP), 2020 WL 4931988, at *1 (S.D.N.Y. Aug. 18, 2020) (internal quotation marks omitted) (denying reconsideration of motion for compassionate release). *See also, e.g., id*. at *2 ("Reconsideration is not an invitation for parties to treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's rulings." (internal quotation marks omitted)); *United States v. Sanchez*, No. 08 Cr. 789 (RJS), 2020 WL 4742915, at *1 (S.D.N.Y. July 6, 2020) ("A motion for reconsideration is not a vehicle for relitigating old issues, presenting the case under new theories, or otherwise taking a second bite at the apple." (internal quotation marks omitted; ellipsis incorporated)) (denying reconsideration of motion for compassionate release); *United States v. Lisi*, No. 15 Cr. 457 (KPF), 2020 WL 1331955, at *2 (S.D.N.Y. Mar. 23, 2020) (same); *Cavounis v. United States*, Nos. 14 Civ. 4992 (VEC), 11 Cr. 297 (VEC), 2016 WL 715768, at *1 (S.D.N.Y. Feb. 19, 2016) (The "strict standard [for reconsideration] is not to be taken lightly[.]").

Honorable Vernon S. Broderick
United States District Judge
August 26, 2020
Page 2

      As an initial matter, the overwhelming bulk of the records the defendant encloses are neither new nor were only "recently received" by him. They were enclosed with the Government's opposition, filed over a month ago. (*See* Dkt. No. 960-2 (enclosing, as Exhibit B, the full set of records from April 7, 2020 through July 17, 2020).)[1] As the Government explained in that opposition, these records do not demonstrate that the defendant's health has materially changed for the worse. On the contrary, they show that, following the filing of the defendant's motion for reconsideration—only one day after the Supreme Court denied his petition for a writ of *certiorari*—the defendant had an examination in which his complaints were both routine and consistent with his medical history. (*See* Dkt. Nos. 960, at 2; 960-1, at 1-4.) They also show that the defendant's health has remained materially the same since before the Court denied his motion for compassionate release (and indeed, since before he was sentenced).

      The small number of records from the past few weeks, post-dating the Government's opposition, are no different. The defendant continues to "exercise" regularly. (Dkt. No. 967-1, at 3.) He continues to have "no restrictions" on what he can do. (*Id.* at 9; *see also id.* at 8 (reporting on August 17, 2020: "The patient was questioned at today's encounter and denies any mobility problems and has no history of falls less than 3 months, no secondary diagnosis to suggest a fall risk, does not use an Ambulatory Aid, has normal gait/transferring, and is oriented.").) And he continues to be monitored appropriately, including through testing, which tests reveal that his conditions are stable. (*See id.* at 57 ("The cardiac silhouette is normal."); *id.* ("There is no prevertebral soft tissue swelling."); *id.* at 58 ("Joint spaces are maintained. There is no soft issue abnormality. . . . Bone minimization is normal for age.").)

      To be sure, the same records indicate that the defendant reported some pain, but his "EKG was unchanged," and he was offered an EMG or MRI to determine whether he might need surgery for what appeared to be purely a "muscular skeletal" issue—but he declined, said he "will use the Tylenol as needed," and "[d]iscussed stretching." (*Id.* at 14.) That is hardly a basis to reverse the Court's detailed and thoughtful denial of the defendant's motion for compassionate release. Nor is the fact that the defendant very recently started taking a new drug, Prednisone, which caused him some dizziness, but he "felt better" after "drinking water" (*id.* at 1), and said he would like to keep taking the drug regardless of this side effect and discussed taking it "prior to dinner time" to avoid any interference with his sleep (*id.* at 3).

      Finally, and in any event, as the Government explained in its opposition, and the defendant does not acknowledge, much less persuasively dispute, the factors set forth in 18 U.S.C. § 3553(a) continue to weigh strongly against a reduction of the defendant's sentence to time-served and his immediate release and return to China. *See Ng*, 2020 WL 2301202, at *9. That alone warrants denial of his motion. *Cf. Lisi*, 2020 WL 1331955, at *2 ("In its prior Opinion, the Court found that Defendant did not merit compassionate release due to its careful analysis of the factors found in 18 U.S.C. § 3553(a). Therefore, for Defendant to be able to meet his burden for the instant motion, he would need to point to controlling decisions or data that

---

[1] Given certain otherwise non-public medical information in these records, the Government submitted them under seal, consistent with the SDNY ECF Privacy Policy.

Honorable Vernon S. Broderick
United States District Judge
August 26, 2020
Page 3

reasonably could alter the Court's analysis of those factors. Defendant, however, fails to meet his burden." (citation omitted)).

***

   For the foregoing reasons, and those in the Government's opposition, the defendant has not carried his heavy burden. His motion for reconsideration accordingly should be denied.

            Respectfully submitted,

            ILAN T. GRAFF
            Attorney for the United States,
            Acting Under Authority Conferred by 28 U.S.C. § 515

   By:  <u>s/ Daniel C. Richenthal</u>
       Daniel C. Richenthal
       Janis M. Echenberg
       Douglas S. Zolkind
       Assistant United States Attorneys
       (212) 637-2109/2597/2418

       ROBERT ZINK
       Chief, Fraud Section
       Criminal Division

   By:  <u>s/ David A. Last</u>
       David A. Last
       Assistant Chief
       (202) 616-5651

cc:  (by ECF)

   Counsel of Record