# BRAFMAN & ASSOCIATES, P.C.

ATTORNEYS AT LAW

767 THIRD AVENUE, 26TH FLOOR

NEW YORK, NEW YORK 10017

TELEPHONE: (212) 750-7800

FACSIMILE: (212) 750-3906

E-MAIL: ATTORNEYS@BRAFLAW.COM

BENJAMIN BRAFMAN

———

MARK M. BAKER
OF COUNSEL

MARC A. AGNIFILO
OF COUNSEL

ZACH INTRATER
OF COUNSEL

ANDREA L. ZELLAN

JOSHUA D. KIRSHNER

JACOB KAPLAN

TENY R. GERAGOS
ADMITTED IN NY & CA

STUART GOLD

December 15, 2020

**BY ECF**
The Honorable Vernon S. Broderick
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

**Re:  *United States v. Ng Lap Seng*, 15-cr-706-3 (VSB)**
**Emergency Request to Reconsider Opinion and Order Denying Compassionate Release**

Dear Judge Broderick:

  As Your Honor is aware, we represent Mr. Ng Lap Seng in connection with his motion for compassionate release.  (*See* ECF No. 935 (Motion)).  By opinion and order dated May 8, 2020, the Court found that Ng "appear[s] to suffer various health conditions and is of an age that place him in the category of inmates at a higher risk of serious illness or death should he contract COVID-19—facts that the Government d[id] not seriously dispute."[1]  (ECF No. 952 (5/8/2020 Opinion & Order) at 17).  However, the Court denied the motion, without prejudice, on the basis that Ng had not established "extraordinary and compelling reasons to reduce his sentence."[2]  (*Id.*

---

[1] Among other conditions that put Ng at high risk for serious complications from a COVID-19 infection, he is seventy-two and a half years old; is overweight, and has type 2 diabetes, coronary artery disease, high blood pressure, and high cholesterol.  (ECF Nos. 817-2 (NYU Langone Medical Record); 935-2 (PSR) ¶¶ 141–44; 935-3 (BOP Medical Records)).

[2] Although the Court also found that Mr. Ng had not satisfied 18 U.S.C. § 3582(c)(1)(A)'s exhaustion requirement, the Government had "waived the exhaustion issue."  (ECF No. 952 at 16).  At any rate, Ng has since exhausted his administrative remedies by filing with the BOP a BP-10 Form (Regional Administrative Remedy Appeal) and a BP-11 Form (Central Office Administrative Remedy Appeal).  (*See* ECF No. 952 at 15 & n.13).

BRAFMAN & ASSOCIATES, P.C.

at 1). We are writing at this time to provide certain additional information that we believe is very compelling in the hope that the Court will reconsider its previous opinion and order.

First, Ng's risk to contracting COVID-19 has materialized significantly. When the Court denied Ng's motion in May 2020, there were no reported cases of COVID-19 among inmates or staffers at any of the three facilities within the Allenwood Federal Correctional Complex. (ECF No. 952 at 22–23). As of the filing of this letter, however, 57 inmates and 9 staffers at FCI Allenwood Low have confirmed positive tests for COVID-19. *See* https://www.bop.gov/coronavirus/ (last updated Dec. 15, 2020). There are 6 inmates and 19 staffers at FCI Allenwood Medium, and 14 staffers at USP Allenwood, who have confirmed positive tests for COVID-19. *Id.* Moreover, 2 inmates and 2 staffers at FCI Allenwood Low have recovered from COVID-19; 264 inmates and 13 staffers at FCI Allenwood Medium have recovered from COVID-19; and 134 inmates and 4 staffers at USP Allenwood have recovered from COVID-19. *Id.*

The COVID-19 "pandemic, aside from posing a threat to [Ng's] health, has made [his] incarceration harsher and more punitive than would otherwise have been the case." *See United States v. Rodriguez*, No. 00-cr-761, 2020 WL 5810161, at 3 (S.D.N.Y. Sept. 30, 2020) (Rakoff, J.). The COVID-19 outbreak at FCI Allenwood Low has led to another onerous lockdown of the facility. Thus, Ng is not permitted any visits and is essentially remanded to his cell. *See* https://www.bop.gov/locations/institutions/alf/ (last visited Dec. 15, 2020); *Rodriguez*, 2020 WL 5810161, at 3 ("For someone with Rodriguez's health profile, the risk of suffering severe health consequences if he contracts COVID-19, coupled to the severe conditions imposed by the concomitant lockdowns and restrictions that are necessary to ensure Rodriguez's safety, means that the actual severity of Rodriguez's sentence as a result of the COVID-19 outbreak exceeds what the Court anticipated at the time of sentencing. While insufficient on its own, this second factor also weighs in favor of a finding of extraordinary and compelling reasons." (citation, brackets, and internal quotation marks omitted)).[3]

---

[3] *See also United States v. Davis*, No. 15-cr-116, 2020 WL 6785351, at 3 (D. Md. Nov. 18, 2020) ("Although the original sentence appropriately balanced the purposes of sentencing, a reduced sentence in light of the COVID-19 pandemic would be consistent with those purposes. First, Davis and all inmates, particularly those in prisons such as FCI-Fort Dix with a significant outbreak of COVID-19, have faced substantially more severe conditions during the COVID-19 pandemic than were contemplated at the time of sentencing, both because of the specter of contracting COVID-19 and the more significant restrictions that the BOP has had to institute in its efforts to control the pandemic, including curtailing prison programs, greater restrictions on movement, and suspension of visitation for a lengthy period of time. The actual severity of Davis's sentence, because of the COVID-19 outbreak, exceeds what the Court anticipated at the time of sentencing. Under these circumstances, a reduced sentence would still reflect the seriousness of the offense, promote respect for the law, and provide just punishment."); *United States v. Indarte*, No. 17-cr-5554, 2020 WL 6060299, at 4 (W.D. Wash. Oct. 14, 2020) ("[T]he [§3553(a)] factor relating to the 'need for just punishment' has dramatically shifted since sentencing. The lock-down measures prisons across the country like FCI

BRAFMAN & ASSOCIATES, P.C.

Moreover, Ng still has a clean disciplinary record. *See United States v. Fisher*, No. 83-cr-150, 2020 WL 5992340, at 7 (S.D.N.Y. Oct. 9, 2020) (Crotty, J.) (finding that the defendant's clean disciplinary record reduced "the need for further specific deterrence or to 'protect the public from further crimes of the defendant'" (quoting 18 U.S.C. § 3553(a)(2)(B)–(C))).

Finally, Ng has now served 60% of the imposed prison sentence (29 out of 48 months), is projected to be released from prison in just a year (on December 23, 2021), and has now served 71% of the expected prison sentence (29 out of 41 months). *See* https://www.bop.gov/inmateloc/ (last visited Dec. 15, 2020). The time that Ng "has served in prison has already achieved some of the original sentence's retributive, deterrent, and incapacitate purpose." *See United States v. Williams-Bethea*, 464 F. Supp. 3d 562, 568 (S.D.N.Y. 2020) (Nathan, J.) (granting compassionate release to a defendant who was "eligible for release in one-and-a-half years").[4]

The COVID-19 threat to Ng's life is increasing by the day, and a mere 12-month reduction of the prison sentence could save his life. Accordingly, we respectfully request that the Court reconsider its May 2020 opinion and order, grant Ng's motion for compassionate release, reduce his prison sentence to time served, and order his immediate release to ICE custody.[5] *See Hernandez Frometa*, 2020 WL 6132296, at 1 (granting the defendant compassionate release, modifying his prison sentence to time served, and ordering the Government to release him to ICE custody). Upon Ng's removal to China, he would reside in Macau, where there is minimal exposure to COVID-19. (*See* Ex. A (Article from the Macau Novel Coronavirus Infection Response Coordination Center) ("[A]s of December 14, there has never been an instance of community spread of the novel coronavirus in Macau; there has been no new local case reported (including asymptomatic infections) for 260 consecutive days, and no overseas imported cases have been reported for 171 consecutive days."); https://hk.usconsulate.gov/covid-19-information/#:~:text=As%20of%20April%2015%2C%20all,test%20conducted%20within%2024

---

Coleman have undergone to mitigate the spread of the pandemic have made confinement much more punitive than was contemplated at sentencing. All visitations have been suspended at FCI Coleman, and BOP programs have stopped, except for those required by law. (footnote omitted)).

[4] *See also United States v. Hernandez Frometa*, No. 18-cr-660, 2020 WL 6132296, at 4 (S.D.N.Y. Oct. 19, 2020) (Hellerstein, J.) ("Hernandez Frometa has served 25 months, over 60 percent of his sentence, which is sufficient to satisfy the purposes of criminal sentencing, particularly in light of the ICE detention that will follow."); *United States v. Simon*, No. 18-cr-390, 2020 WL 5077390, at 1, 6 (S.D.N.Y. Aug. 27, 2020) (Engelmayer, J.) (granting compassionate release to a defendant who served 41% of the imposed prison sentence (27 out of 66 months) and was projected to be released in February 2022); *United States v. Bayuo*, No. 15-cr-576, 2020 WL 3415226, at 2–3 (S.D.N.Y. June 20, 2020) (Koeltl, J.) (granting compassionate release to a defendant who served just "over a quarter of her sentence").

[5] Counsel will take all steps necessary to facilitate and expedite the removal process.

3

BRAFMAN & ASSOCIATES, P.C.

%20hours.&text=For%20more%20information%2C%20please%20see%20the%20Macau%20government's%20website (detailing the entry and exit requirements with respect to Macau)).

We stand ready to answer any questions for the Court, and we thank the Court for its courtesy in this and all other matters.

Respectfully submitted,

/s/ Benjamin Brafman

Benjamin Brafman, Esq.
Jacob Kaplan, Esq.
Stuart Gold, Esq.
Brafman & Associates, P.C.
767 3rd Avenue, 26th Floor
New York, NY 10017
Tel: (212) 750-7800
Fax: (212) 750-3906
bbrafman@braflaw.com
jkaplan@braflaw.com
sgold@braflaw.com

BRAFMAN & ASSOCIATES, P.C.