

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 2, 2021

**BY ECF**

The Honorable Vernon S. Broderick
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

      Re:   *United States v. Ng Lap Seng*,
               S5 15 Cr. 706 (VSB)

Dear Judge Broderick:

      The Government respectfully writes in the above-captioned matter in opposition to the second motion of defendant Ng Lap Seng for reconsideration of the Court's denial of the defendant's prior motion for compassionate release (Dkt. No. 974), published at *United States v. Ng Lap Seng*, 459 F. Supp. 3d 527 (S.D.N.Y. 2020).[1]  This second motion should be denied.

      The standard for granting reconsideration "'is strict and [it] will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'"  *Boyd v. United States*, No. 12 Civ. 474 (JSR), 2015 WL 1345809, at *1 (S.D.N.Y. Mar. 20, 2015) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)); *see also* S.D.N.Y. Local Criminal Rule 49.1(d).

---

[1]     The body of this letter is identical to that filed by the Government on January 8, 2021, but with an updated and corrected signature block.  The Government also notes that, since it filed its letter, the BOP has provided additional information about its receipt and distribution of approved vaccines to staff and inmates, including facility-specific information.  *See* BOP, Update on COVID-19 Vaccinations (Jan. 15, 2020), https://www.bop.gov/resources/news/pdfs/20210115_press_release_vaccination.pdf; BOP, COVID-19 Vaccine Implementation, https://www.bop.gov/coronavirus/index.jsp (indicating that the BOP has administered 32,879 doses of approved vaccines, with 286 staff members and 17 inmates at FCC Allenwood having received two doses each, completing the vaccine regimen) (last checked Feb. 2, 2021, at 6:15 p.m.).

Honorable Vernon S. Broderick
United States District Judge
February 2, 2021
Page 2

The standard is no different with respect to motions for compassionate release. *See, e.g.*, *United States v. Daugerdas*, No. 09 Cr. 581 (WHP), 2020 WL 4931988, at *2 (S.D.N.Y. Aug. 18, 2020) ("Reconsideration is not an invitation for parties to treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's rulings." (internal quotation marks omitted)) (denying reconsideration of motion for compassionate release); *United States v. Sanchez*, No. 08 Cr. 789 (RJS), 2020 WL 4742915, at *1 (S.D.N.Y. July 6, 2020) ("A motion for reconsideration is not a vehicle for relitigating old issues, presenting the case under new theories, or otherwise taking a second bite at the apple." (internal quotation marks omitted; ellipsis incorporated)) (denying reconsideration of motion for compassionate release); *United States v. Lisi*, No. 15 Cr. 457 (KPF), 2020 WL 1331955, at *2 (S.D.N.Y. Mar. 23, 2020) (same). The defendant does not acknowledge the applicable legal standard, and he does not meet it.

In his initial letter motion, the defendant states that his "risk [of] contracting COVID-19 has materialized significantly" given the increase in cases at the "facilities within the Allenwood Federal Correctional Complex." (Dkt. No. 974, at 2.) In a supplemental letter, dated December 28, 2020, he states that his "roommate tested positive for COVID-19 earlier today and that approximately half of the inmates from their unit tested positive for the virus over the past two weeks," and thus that it is "just a short matter of time before [he] gets infected with COVID-19." (Dkt. No. 976, 1.) Serious though any increase in positive cases is, the defendant, who bears the burden on his motion, *see, e.g.*, *United States v. Broadus*, No. 17 Cr. 787 (RJS), 2020 WL 3001040, at *2 (S.D.N.Y. June 4, 2020), omits material facts that place the increase, and his risk of infection, in context. These facts demonstrate that the risk is not as severe as he suggests.

From communications with the Federal Bureau of Prisons ("BOP"), the Government understands that, on or about December 28, 2020, in connection with being released, an inmate in the defendant's housing unit (known as "Union B") was tested for COVID-19, and the test came back positive. As a result, all of the inmates in the unit, including the defendant, were tested. A number of such inmates, including the defendant's cellmate—but not the defendant— tested positive. The cellmate, along with other inmates who had tested positive, were then moved to a separate isolation unit. Since that time, the defendant has not had a cellmate. To further mitigate the risk of infection, everything inmates in the unit need, *e.g.*, food or medicine, is brought to them, so they do not leave or interact with inmates outside of the unit. Daily rounds are also being made to ask each inmate if he has symptoms consistent with COVID-19. If the inmate does, he is assessed and, if clinically appropriate, is tested.

These and other procedures appear to be working. Since the round of testing in late December, fewer than ten additional inmates in the housing unit have tested positive. The defendant remains asymptomatic, and without a cellmate, and unless clinically indicated before then, he and others in the unit will be retested on or about January 19, 2021.

In addition, the BOP recently prepared guidance pertaining to the distribution of approved vaccines "to promote vaccine use as a means of controlling pandemic transmission of SARS-CoV-2 (the virus that causes COVID-19) and reducing morbidity and mortality from this

Honorable Vernon S. Broderick
United States District Judge
February 2, 2021
Page 3

infection."  BOP, COVID-19 Vaccine Guidance (Jan. 4, 2021) at 4, https://www.bop.gov/resources/pdfs/2021_covid19_vaccine.pdf.  The guidance provides for vaccine administration to be "based on COVID-19 risk and vaccine availability," and in alignment with the Centers for Disease Control and Prevention ("CDC") and Advisory Committee on Immunization Practices recommendations for priority populations.  *Id.*; *see also* Michael Balsamo, *Reversing course, feds say some US inmates get virus vaccine*, AP News (Dec. 22, 2020), https://apnews.com/article/coronavirus-pandemic-prisonsd2c1a3013351ed42cf75a194e4661cf3.  The defendant appears to be in a priority population.

The BOP has also begun to receive shipments of the COVID-19 vaccine and to distribute them to staff members and certain high-risk inmates in BOP facilities.  As of this afternoon, the BOP has received 14,100 doses of the COVID-19 vaccine, has distributed it to a number of facilities, including FCC Allenwood, and 14,909 individuals have received their first dose.  *See* CDC COVID Data Tracker, Vaccinations, Federal Entities, BOP, https://covid.cdc.gov/covid-data-tracker/#vaccinations (last checked Jan. 8, 2021, at 5:00 p.m.).

In any event, even assuming *arguendo* that the risk of COVID-19 infection to the defendant has increased, and will remain so until the vaccine is more widely distributed, the factors set forth in 18 U.S.C. § 3553(a) must be considered in weighing whether release is warranted at this time.  *See* 18 U.S.C. § 3582(c)(1)(A); *see also, e.g.*, *United States v. Ebbers*, 432 F. Supp. 3d 421, 430 (S.D.N.Y. 2020) ("[T]he existence *vel non* of 'extraordinary and compelling reasons' determines only whether a defendant can be considered for release—the existence of such reasons does not mandate release."); *Broadus*, 2020 WL 3001040, at *3 ("Before the Court may grant compassionate release, it must assess the section 3553(a) factors to determine whether those factors outweigh the extraordinary and compelling reasons warranting compassionate release, particularly whether compassionate release would undermine the goals of the original sentence." (internal quotation marks omitted)).

Here, the Section 3553(a) factors continue to weigh strongly against a reduction of the defendant's sentence to time-served and his permanent release and return to China.  As the Court explained in denying the defendant's prior motion:

> Granting Ng compassionate release would therefore mean reducing his sentence to time served which would result in him being sent home to China.  Therefore, it does impact my analysis of the factors set forth in 18 U.S.C. § 3553(a) because rather than remaining in this country under home confinement until December 23, 2021—the date Ng is expected to be released from BOP custody—Ng would be home in China within weeks of his release from prison.  This would mean the 48 month sentence I imposed would be reduced by more than 18 months.  After considering the section 3553(a) factors at Ng's sentencing I imposed a sentence— 48 months' imprisonment—that represented a substantial variance

Honorable Vernon S. Broderick
United States District Judge
February 2, 2021
Page 4

> from the applicable guideline range—235 to 293 months'
> imprisonment—I do not find that the circumstances have changed,
> including due the current health crises due to COVID-19, so
> dramatically so as to warrant a sentence of time served.

*Ng*, 459 F. Supp. 3d at 541; *accord, e.g.*, *United States v. Daugerdas*, No. 09 Cr. 581 (WHP), --- F. Supp. 3d ----, 2020 WL 2097653, at *4 (S.D.N.Y. May 1, 2020) (denying motion by defendant who demonstrated "extraordinary and compelling reasons" due to COVID-19 risk factors of diabetes, hypertension, obesity, and high cholesterol; explaining "this Court's analysis does not end with a finding that 'compelling and extraordinary reasons' warrant compassionate release. This Court must also 'consider[] the factors set forth in section 3553(a)." (quoting 18 U.S.C. § 3582(c)(1)(A); brackets in original)).

  The defendant does not acknowledge the Court's prior words, much less cogently explain why, in his view, the Court was so obviously wrong that he is entitled to reconsideration of his prior motion, which was extensively briefed and then denied in a lengthy opinion. *Cf. Lisi*, 2020 WL 1331955, at *2 ("In its prior Opinion, the Court found that Defendant did not merit compassionate release due to its careful analysis of the factors found in 18 U.S.C. § 3553(a). Therefore, for Defendant to be able to meet his burden for the instant motion, he would need to point to controlling decisions or data that reasonably could alter the Court's analysis of those factors. Defendant, however, fails to meet his burden." (citation omitted)). The defendant—who has served only approximately 60% of his below-Guidelines sentence for his leadership of a multifaceted, lengthy, and exceedingly serious bribery scheme—is not so entitled.

        Respectfully submitted,

        ILAN T. GRAFF
        Attorney for the United States,
        Acting Under Authority Conferred by 28 U.S.C. § 515

By:  s/ Daniel C. Richenthal
    Daniel C. Richenthal
    Janis M. Echenberg
    Assistant United States Attorneys
    (212) 637-2109/2597

    DANIEL S. KAHN
    Acting Chief, Fraud Section
    Criminal Division

By:  s/ David A. Last
    David A. Last
    Assistant Chief
    (202) 616-5651

Honorable Vernon S. Broderick
United States District Judge
February 2, 2021
Page 5

cc:     (by ECF)

       Counsel of Record